372 So.2d 168 (1979)
Maureen T. MULLANE and John J. Dunne, Appellants,
v.
Twylah M. LORENZ, Appellee.
No. 77-2034.
District Court of Appeal of Florida, Fourth District.
June 13, 1979.
Rehearing Denied July 17, 1979.
Victoria Wood Chulock, of Diaz-Asper, Chulock & Chulock, Coral Gables, for appellants.
Donald A. Wich, Jr., of Sullivan, Cochran, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellee.
LETTS, Judge.
This case arises out of a mortgage foreclosure based on failure to pay taxes and insurance. The defendant filed an offer of judgment which was accepted leaving open only the question of "reasonable attorney's fees." The court awarded $4,000. We reverse.
The problem in this case is that at the hearing on attorney's fees, no expert testimony was adduced other than from the lawyer himself claiming the fees. This is clearly inadequate as we held in Lamar v. Lamar, 323 So.2d 43 (Fla. 4th DCA 1975). As was stated in Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964),
We are not concerned with the amount of the fee, but with the manner in which it was awarded. The appellant lays much stress on the need for expert testimony in addition to the statement made by [his] wife's attorney and we agree with his contention.... Aside from the principle that the value of personal services *169 is proven by expert witnesses, the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony. The evidence in this cause is insufficient to meet the foregoing requirements.
Accordingly, the award of the attorney's fees is hereby reversed and this cause is remanded to the trial court for a further hearing thereon.
The appellant's other contention, that the court had no basis to award any attorney's fees, is rejected. The appellant made an offer of judgment, which offer included "reasonable attorney's fees . . the amount of same to be determined by the court." This offer of judgment was duly accepted and the appellant may not now be heard to complain.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
CROSS and MOORE, JJ., concur.