377 So.2d 811 (1979)
Catherine GERACI and Charles Geraci, Her Husband, Appellants,
v.
Alex KOZLOSKI and Anna Kozloski, His Wife, Appellees.
No. 78-325.
District Court of Appeal of Florida, Fourth District.
December 12, 1979.
*812 Karen Holmes and James R. Holmes of Zamer & Holmes, Oakland Park, for appellants.
Brian L. Kimber of Allsworth, Doumar, Schuler, Padula & Laystrom, Fort Lauderdale, for appellees.
DOWNEY, Chief Judge.
This is a plenary appeal from a final judgment granting foreclosure of a mortgage on appellants' property. Although three issues are posed for our decision, only one requires any extended examination.
The thrust of appellants' defense to the foreclosure is that appellees were guilty of fraud and misrepresentation in the sale of the property involved. Thus, appellants sought rescission of the sale and other relief. We have carefully examined the record and briefs with reference to this issue and find adequate support in the record for the decision of the trial judge denying rescission and ordering foreclosure.
The final judgment of foreclosure awarded appellees an attorneys fee in the amount of $15,000. This fee was assessed by the court based solely upon the affidavit of a lawyer and over the objection of appellants. In an adversary proceeding such as this the determination of an attorneys fee for the mortgagee based upon affidavits over objection of the mortgagor is improper. Evidence should be adduced so that the full range of cross examination will be afforded both parties. Demaso v. Demaso, 345 So.2d 391 (Fla. 3rd DCA 1977); Thoni v. Thoni, 179 So.2d 420 (Fla. 3rd DCA 1965); cf. Mullane v. Lorenz, 372 So.2d 168 (Fla. 4th DCA 1979).
Appellees filed cross assignments of error directed to two orders of the trial court, entered post final judgment on March 29, 1978, and October 3, 1978, and after the notice of appeal from the final judgment was filed. We, of course, cannot review judicial acts of the trial court which take place after the filing of the notice of appeal, unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate proceeding for appellate review. We note in passing that appellees did perfect an interlocutory appeal from the October 3rd, 1978, order, which is presently pending in this court. Thus, for all intents and purposes the judicial acts involved in that order will be considered in that appellate proceeding.
The final judgment appealed from is affirmed in all respects except as to the provision for attorneys fees. The provision of the judgment regarding attorneys fees is reversed and the cause is remanded with directions to hold an evidentiary hearing in order to determine the appropriate amount of said fees.
AFFIRMED IN PART; REVERSED IN PART, with directions.
GLICKSTEIN and HURLEY, JJ., concur.