PER CURIAM.
The Florida Supreme Court created the Commission to Study the Need for Increased Appellate Districts and for Redefining Judicial Circuits. In its report, the commission recommended against creating new appellate court districts and also against changing existing judicial circuit and appellate court boundaries. However, the commission did recommend several amendments to the Florida Rules of Appellate Procedure designed to reduce the workload of appellate judges, believing that these amendments would improve the handling of district court of appeal caseloads and reduce the need for additional judgeships or new districts. The commission proposals and its commentary concerning the appellate rules are contained in the Appendix.
The Chief Justice forwarded the commission's recommendations for rule changes to the Florida Bar Appellate Rules Committee for its recommendations. We approve, with minor modifications, proposed appellate rule 9.315 and the proposed amendments to rules 9.200, 9.420, 9.600, and 9.900(g). We reject the proposal for a new rule requiring a docketing statement because the contents of a docketing statement have been incorporated in the amendment to rule 9.900(g). Additionally, we reject proposals to amend rule 9.210(a) reducing appellate briefs filed in district courts of appeal from 50 pages to 30 pages and rule 9.210(b) requiring a “statement of issues” in all appellate briefs. We make two other technical corrections, one in Florida Rule of Appellate Procedure 9.140(c)(l)(J), and the second in Florida Rule of Judicial Administration 2.130(f).
This Court adopts the following rule and amendments which will govern all proceedings within their scope after 12:01 a.m., July 1, 1987. The commentary is not adopted by the Court. The new rule and amendments shall supersede all conflicting rules and statutes. The amendments adopted affect only the rules that are expressly treated. New language is indicated by underscoring. Deletions are indicated by use of struck-through type.
Rule 9.315 is adopted as follows:
Rule 9.315. Expedited Disposition
(a) Expedited Affirmance. After service of the initial brief in appeals under Rule 9.110, Rule 9.130, or Rule 9.140, or after service of the answer brief if a cross appeal has been filed, the court may summarily affirm the order to be reviewed if the court finds that no pre *277 liminary basis for reversal has been demonstrated.
(b) Expedited Reversal. After service of the answer brief in appeals under Rule 9.110, Rule 9.130, or Rule 9.140, or after service of the reply brief if a cross appeal has been filed, the court may summarily reverse the order to be reviewed if the court finds that no meritorious basis exists for affirmance and the order otherwise is subject to reversal.
(c) Motions Not Permitted. This rule may be invoked only on the court's own motion. A party may not request summary disposition.

Commentary

This rule contemplates a screening process by the appellate courts. More time will be spent early in the case in order to save more time later. The rule is fair in that appellant has an opportunity to file a full brief. The thought behind this proposal is to allow the appellate courts in Florida to expeditiously dispose of nonmeritorious appeals or obviously meritorious appeals.
Rule 9.200 is amended as follows:
Rule 9.200. The Record
[[Image here]]
(b) Transcript of Proceedings.
(1)Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of one-jhalf of the estimated transcript costs, and must pay the full balance of the fee upon delivery of the completed transcript.
(2) Within 30 days of service of a designation, or within the additional time provided for under subsection (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies to the parties as requested in the designation. The transcript of proceedings shall be securely bound in volumes not to exceed 200 pages each. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) Upon service of a designation, the reporter shall acknowledge at the foot of the designation the fact that it has been received and the date on which the reporter expects to have the transcript completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. When the reporter requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the date the transcript is due.
(3) {4) If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
[[Image here]]

*278
Commentary

1987 Amendment. Subsection (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
Rule 9.420 is amended as follows:
Rule 9.420. Filing; Service of Copies; Computation of Time
[[Image here]]
(d) Additional Time After Service by Mail. Whenever a party, court reporter or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.
[[Image here]]
Rule 9.600 is amended to read as follows:
Rule 9.600. Jurisdiction of Lower Tribunal Pending Review
(a) Concurrent Jurisdiction. Only the court may grant extension of time for any act required by these rules. Br-ior- to the time Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render order on any other procedural matter relating to the cause, subject to the control of the court on its own motion or that of a ■ party-.
[[Image here]]
Rule 9.900(g) is amended as follows:
(g) Designation to Reporter.
IN THE [NAME OF LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED!
[[Image here]]
[[Image here]]
I.DESIGNATION
Plaintiff,___ Appellant,_, files this Designation to Reporter and directs fname of court reporter! to transcribe an original and_copies of the following portions of the trial proceedings to be used in this appeal:
1. The entire trial proceedings recorded by the Reporter on_, 19_, before the Honorable [Judge], except_
2. [Indicate all other portions of reported proceedings].
3. The court reporter is directed to file the original with the clerk of the lower tribunal and to serve one copy on each of the following:
1.
2.
3.
I, Counsel for Appellant, certify that satisfactory financial arrangements have been made with the court reporter for preparation of the transcript.
[[Image here]]
Counsel for Appellant II. REPORTER’S ACKNOWLEDGMENT
1. The foregoing designation was served on_, 19_and received on 19_
2. Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript cost. These financial arrangements were completed on____
*279 3. Number of trial or hearing days_
4. Estimated number of transcript pages-
5. Transcript will be completed on _ or an extension of time is needed until
[[Image here]]
DATE:__
[[Image here]]
Official Court Reporter
[This form is intentionally not underscored.]
NOTE: This portion must be transmitted by court reporter to the appellate court within 5 days of service. If the estimated completion date is more than 30 days from service of this form, the reporter must make a separate written request to the appellate court for an extension of time to file the transcript. Copies of this acknowledgment shall be furnished to counsel for all parties.
The typographical error in Florida Rule of Appellate Procedure 9.140(c)(l)(J) is corrected as follows:
Rule 9.140. Appeal Proceedings in Criminal Cases
[[Image here]]
(c) ...
(1) •••
(J) A sentence imposed outside the range recommended by the guidelines authorized by Section 921.001, Florida Statutes (1988), and Florida Rule of Criminal Procedure 3,710 3.701.
Florida Rule of Judicial Administration 2.130 is amended by removing the term “emergency” from the title of subpara-graph (f) to conform to the body of the rule as well as this Court’s practice.
Rule 2.130. Procedure for Amending Rules
[[Image here]]
(f) Emergency Request by Court.
[[Image here]]
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
APPENDIX
III. Procedural Alternatives for Appellate Courts
Recommendations
The Commission recommends that the following proposed rules be referred by the Supreme Court of Florida to The Florida Bar Appellate Rules Committee for its study and recommendation with a time limitation designated for its consideration of the rule changes.
A. The Commission recommends that there be an appellate rule change allowing an appellate court on its own motion to summarily affirm or reverse an appeal if the appellant's brief fails to set forth a prima facie, meritorious basis for reversal, or if the appellee’s brief fails to set forth a prima facie, meritorious basis for affirmance.
Proposed rule 9.315 provides:
(a) At any time after the filing of the appellant’s initial brief in appeal proceedings taken under Rule 9.110 or Rule 9.130, provided no cross appeal has been filed, the court, solely on its own motion, may summarily affirm the order or orders appealed from if the said brief fails to set forth a prima facie, meritorious basis for reversal.
(b) At any time after the filing of the appellee’s answer brief in appeal proceedings taken under Rule 9.110 or Rule 9.130, provided no cross appeal has been filed, the court, solely on its own motion, may summarily reverse the order or orders appealed from if the said brief fails to set forth a prima facie, meritorious basis for affirmance and the said order or orders are otherwise subject to reversal.
(c) No motion by a party for summary disposition under this rule will be entertained.
Commentary:
The proposed rule contemplates a screening process by the appellate courts. More time will be spent early in the case in order *280 to save more time later. The proposed rule is fair in that appellant has an opportunity to file a full brief. The thought behind this proposal is to allow the appellate courts in Florida to expeditiously dispose of nonmeri-torious appeals or obviously meritorious appeals.
B. The Commission recommends that an appellate rule be adopted which would require financial arrangements to be made for preparation of the transcript at the time of filing the appeal.
Commentary:
The Commission found that the problem of the failure to timely file the transcript of the record occurred in many instances because the appellant failed to notify the court reporter to transcribe the proceedings until just prior to the date when the transcript would be due. This proposal would, in the view of the Commission, eliminate this delay problem.
C. The Commission recommends that a rule be adopted authorizing the district courts to have a docketing statement, the contents of which would be determined by the district courts.
Commentary:
This docket statement is to include basic information, which may include a requirement that appellant state whether a court reporter’s transcript of the record is necessary, and, if so, whether appropriate financial arrangements have been made to pay the court reporter for the transcript. If the docketing statement requires a statement that preparation of the transcript has been arranged, then the Commission felt that the docketing statement should include a certificate of service to the court reporter.
[[Image here]]
E.The Commission recommends adoption of the following rule relating to the appellate briefs in courts other than the Florida Supreme Court:
9.210 Briefs.
(a) Generally ...
(5) The initial and answer briefs shall not exceed 30 pages in length, except for appeal proceedings taken under Rule 9.130 in which event the initial and answer briefs shall not exceed 20 pages; provided that if a cross appeal has been filed, the reply brief shall not exceed. 30 pages ... Reply briefs shall not exceed 15 pages in length, except for appeal proceedings under 9.130 in which event the reply briefs shall not exceed 10 pages. Longer briefs may be permitted by the court upon motion demonstrating good cause.
There should be a special rule for the length of briefs in the Florida Supreme Court which would retain the brief page lengths currently set forth in Florida Appellate Rule 9.210.
Commentary:
It is the Commission’s view that the page limits currently authorized by the existing rule for cases other than those in the Supreme Court are tailored to the extraordinary case rather than the ordinary case. The proposed change would tailor page lengths of briefs in appellate courts other than the Supreme Court to the ordinary case while still authorizing the court to expand the length of the brief in the extraordinary case.
F. The Commission recommends that Florida Appellate Rule 9.600(a) be amended to authorize only the appellate court to grant extensions of time in an appeal and to divest the trial courts of any authority to grant similar extensions.
Commentary:
The purpose behind this proposal is to give appellate courts the sole power to regulate the progress of an appeal and thus make the disposition of an appeal more orderly.
G. The Commission recommends that Florida Appellate Rule 9.210(b) be amended to add a rule subsection requiring a statement of issues be included in the brief. Commentary:
It was decided that this rule is necessary because often appellate lawyers failed to state with specificity the issues involved in a case on appeal.