515 So.2d 281 (1987)
Sherri L. OURS, Appellant,
v.
Frederick Clarence OURS, Appellee.
No. BG-238, BR-242.
District Court of Appeal of Florida, First District.
October 20, 1987.
Rehearing Denied December 2, 1987.
*282 Rodney G. Gregory, of Lassiter & Gregory, Jacksonville, for appellant.
Gerald R. Power, and Michael J. Korn, Jacksonville, for appellee.
BARFIELD, Judge.
In this consolidated appeal, appellant seeks review of an order granting the father's motion to modify custody in his favor and an order denying the mother's subsequent motion to return custody of the couple's two children to her. Finding that the record presented for appellate review fails to support the trial court's initial decision to change custody to the father, we must reverse that order.
As to the first order, the parties have submitted under Florida Rule of Appellate Procedure 9.200(b)(3)[1] a statement of the evidence which was settled and approved by the trial court.[2] We find ourselves limited to this record supplied by the parties in reviewing the trial court's order. We therefore must assume that this statement accurately and completely reflects all of the evidence before the trial court when it decided to modify custody.
In Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984), this Court held that a noncustodial parent seeking to modify child custody carries the extraordinary burden of showing that changes occurring after the entry of the original custody decree represent a substantial change in circumstances and that the welfare of the children would be promoted by a change in custody. Further, when considering such motions for modification, the trial court does not have the same degree of discretion as it does in entering the original custody decree. Zediker; Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974).
In ordering custody changed to the father, the trial court found the mother's home apparently unstable and the father's home apparently stable. The only changed circumstances suggesting instability were that the mother had moved several times and had lived with three unmarried males (one of whom she married) while the two boys were in her custody.[3] Even if these constituted substantial changes in circumstances, there is no evidence in this record that these changes adversely affected the children such that it would be in their best interest to change custody. A court-ordered home study by HRS recommended the children remain with the mother. The only other evidence as to the best interests of the children was the testimony of a psychologist who in response to the court's questions stated a change in custody could have an effect on the children and that such change could be beneficial if the change were into something more beneficial. The psychologist offered no opinion as to which parent should have custody. On this limited factual basis as to the best interest of the children, we cannot say that there is competent, substantial evidence to support the trial court's determination, particularly in light of the extraordinary burden the noncustodial parent bears in seeking such modifications. We find this record evidence to be inadequate to support a change in custody.
The situation regarding the record in this case is unique and easily avoided. But the statement of the evidence in lieu of a transcript of the evidentiary hearing *283 comes before this Court with the trial court's imprimatur. We therefore must review the evidentiary basis of the trial court's order based on this statement. We also recognize the trial court's continuing jurisdiction in child custody matters. At any time the trial court may find that the evidence shows a change in custody is in the children's best interest, including any substantial change during the two years it has taken to complete this appeal, the trial court may modify custody.
As the first order modifying custody was in error, we need not consider the subsequent order denying a change in custody back to the mother. The trial court's order is REVERSED.
MILLS and JOANOS, JJ., concur.
NOTES
[1] Now renumbered as Rule 9.200(b)(4), Florida Rules of Appellate Procedure. The Florida Bar re: Amendments to Florida Rules of Appellate Procedure and Rules of Judicial Administration, 509 So.2d 276 (Fla. 1987)
[2] We note the long period of time trial and original appellate counsel, Mr. Power and Mr. Lassiter, have taken in submitting this statement of the evidence. See Ours v. Ours, 11 F.L.W. 1369 (Fla. 1st DCA June 18, 1986). This delay is wholly inconsistent with this Court's well-known practice of providing expedited review in cases involving children. Such delays cannot be said to be in the best interest of the children who are the individuals most affected by these proceedings.
[3] The evidence suggested these moves were necessitated by economic considerations as the wife attempted to pay tuition for her sons to attend a private school.