528 So.2d 491 (1988)
Alton Bruce MORGAN and Virginia Bruce Morgan, Appellants,
v.
SOUTH ATLANTIC PRODUCTION CREDIT ASSOCIATION, Appellee.
No. 87-980.
District Court of Appeal of Florida, First District.
July 13, 1988.
J.R. Zant, Madison, for appellants.
Earl M. Barker, Jr., and John McE. Miller, of Slott & Barker, Jacksonville, for appellee.
JOANOS, Judge.
Appellants Alton Bruce Morgan and Virginia Bruce Morgan appeal an attorney's fee assessed against them in a final summary judgment of foreclosure. Appellants maintain the trial court erred in determining the attorney's fee award, over objection, without an evidentiary hearing. We agree, and reverse.
On January 16, 1985, appellee South Atlantic Production Credit Association (formerly known as North Florida Production Credit Association) filed an amended complaint for foreclosure against appellants herein, together with other named defendants. After responsive pleadings and various orders were filed in the case, appellee moved for summary judgment. At the May 22, 1987, hearing, appellants' opposition to entry of final summary judgment was predicated on their Chapter 11 bankruptcy proceeding. Appellants argued that the bankruptcy court had approved a reorganization plan, and entered a stay of all proceedings. The trial court declined to rule on the summary judgment motion without further argument and review of authority on the bankruptcy issue.
A second hearing was held July 17, 1987. This hearing was not reported. On the basis of argument and affidavits presented by appellee on the amount of a reasonable attorney's fee, the trial court entered final summary judgment in favor of appellee and awarded a reasonable attorney's fee.
In their initial brief, appellants contended that the trial court erred in determining an attorney's fee, over objection, without granting them an evidentiary hearing on the issue. In the answer brief, appellee observed that the record before this court contained no transcript of the proceedings at which the attorney's fee issue was argued. *492 Appellee urged affirmance of the attorney's fee award, arguing that this court may not reverse a decision of the trial court on the basis of claimed error which does not appear in the record. Thereafter, we granted appellants' motion to abate the appeal so that the parties might submit statements of the proceedings to the trial court for approval and adoption. See Fla.R.App.P. 9.200(b)(3).
We are now in receipt of the statement of the proceedings, as amended and adopted by the trial court. This statement of proceedings establishes that appellants objected to the time claimed by appellee's counsel, on the ground that a portion of that time had been devoted to the bankruptcy issue. Appellants also objected to the reasonableness of the fee recited in the affidavit, and requested an evidentiary hearing on the matter. The trial court determined that an evidentiary hearing was unnecessary, and awarded an attorney's fee of $9,000.
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), the supreme court provided specific guidelines to aid trial courts in setting attorney's fees. These guidelines require application of the criteria set forth in Rule 4-1.5, Rules Regulating the Florida Bar. Briefly stated, the trial court should: (1) determine the hours reasonably expended, based upon a review of the attorney's time records, which in turn would reflect "the novelty and difficulty of the questions involved;" (2) determine a reasonable hourly rate, which the party seeking the fees has the burden of establishing; (3) multiply hours reasonably expended by reasonable hourly rate for the attorney's fee, which is subject to adjustment for a contingency risk factor and results obtained. Rowe, 472 So.2d at 1150-1151. In addition, "[i]n determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings." Id., at 1151. See also Multitech Corporation v. St. Johns Bluff Investment Corporation, 518 So.2d 427, 434 (Fla. 1st DCA 1988); Ashourian v. Ashourian, 519 So.2d 35, 36 (Fla. 1st DCA 1987); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
Prior to release of the Rowe opinion, the courts of this state dealt with attorney's fees in much the manner specified in Rowe. That is, the courts approved attorney's fee awards when there was record evidence regarding the attorney services performed and the reasonable value of those services. Furthermore, it is well settled that absent a stipulation, an attorney's fee awarded, over objection, solely on the basis of an affidavit or testimony of the attorney seeking the fee, is improper. See, e.g., Boyette v. Carden, 347 So.2d 759 (Fla. 1st DCA 1977); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981); Tanner v. Tanner, 391 So.2d 305 (Fla. 4th DCA 1980); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979); Ellis v. Barnett Bank of Lakeland, 341 So.2d 545 (Fla. 2d DCA 1977); Benitez v. Benitez, 337 So.2d 408 (Fla. 4th DCA 1976); Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975). In a factual scenario somewhat analogous to the situation in this case, the Fourth District Court of Appeal said:
The final judgment of foreclosure awarded appellees an attorney's fee in the amount of $15,000. This fee was assessed by the court based solely upon the affidavit of a lawyer and over the objection of appellants. In an adversary proceeding such as this the determination of an attorneys fee for the mortgagee based upon affidavits over objection of the mortgagor is improper. Evidence should be adduced so that the full range of cross examination will be afforded both parties.
Geraci v. Kozloski, 377 So.2d at 812. See also Gables Insurance Agency, Inc. v. Peninsula Federal Savings & Loan Association, 442 So.2d 1013, 1014 (Fla. 3d DCA 1983).
In this case, as in Gables Insurance and Geraci v. Kozloski, the attorney's fee issue was decided solely on the basis of an affidavit and over the objection of appellants. The statement of proceedings reflects that appellants objected both to the time expended *493 and the reasonableness of the fee recited in the affidavit, and requested a hearing on the matter. Appellee's primary argument, that is, that there was no record evidence that appellants objected to a fee determination based on the affidavit, is no longer viable in light of the supplemental record filed with this court. Therefore, that portion of the final summary judgment awarding attorney's fees is reversed and remanded for further proceedings in compliance with the guidelines set forth by the supreme court in Florida Patient's Compensation Fund v. Rowe.
Accordingly, the attorney's fee portion of the final summary judgment order is reversed and remanded for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.