## KLEIN v DAVIS and KLEIN v ABRAMOWITZ

Case No. 89-34433-18

Seventeenth Judicial Circuit, Broward County

April 12, 1990

### APPEARANCES OF COUNSEL

**Edward Klein, Esquire,** pro se.

**Harry O. Boreth, Esquire,** for appellees.

### OPINION OF THE COURT

W. H. MORIARTY, Circuit Judge.

## FINAL OPINION AND ORDER

THIS CAUSE having come before the Court on Plaintiff/Appellant's, Edward Klein's, appeal of the Order granting the Defendants'/Appellees' Motion for Directed Verdict in the County Court of Broward County, and this Court having reviewed the appellate briefs and being duly advised in the premises hereby finds that:

The Court below properly granted the Defendants'/Appellees' Motion for Directed Verdict and is affirmed. This case concerns a suit for attorneys fees based on quantum meruit. At trial, Plaintiff/Appellant, Edward Klein, an attorney, testified to the Court that he represented himself, the Defendants/Appellees and several other parties in a previous libel action in circuit court. Klein, the only witness in his behalf at the trial below, stated that no fee agreement or terms between Klein and the Defendants as to the amount Klein was to be paid were discussed at the time of the libel action. Eventually, Klein successfully resolved the underlying libel litigation.

Klein testified that about six months after the conclusion of the libel action, he told the Defendants/Appellees and other parties to the libel action, that he was running for public office. Klein stated that he would waive his attorney fees if the Defendants would support his political campaign. This statement was also confirmed in letters introduced as exhibits at the trial below. The Defendants/Appellees did not support Klein in the campaign. Klein then sent bills for his professional services to the Defendants/Appellees, which the Defendants/Appellees refused to pay. Consequently, Klein brought the present suit, seeking compensation for the reasonable value of his legal services.

Edward Klein did not establish a prima facie case in quantum meruit for recovery against the Defendants/Appellees. A claim for payment for services on the basis of quantum meruit is in the nature of an implied contract. The test of an implied contract of employment, giving rise to the presumption that the party rendering personal services is entitled to reasonable compensation, is whether or not the services were performed under circumstances in which the parties understood and intended that compensation was to be paid. *Tipper v Great Lakes Chemical Co.,* 281 So.2d 10 (Fla. 1973).

In the instant case, Edward Klein testified that no fee arrangements were discussed with the Defendants before or during the libel litigation. Mr. Klein, a Defendant himself, simply piggy-backed the defense of the other parties onto his own defense. For example, Klein testified that he did not keep any separate time records as to time expended on the defense of the Appellees. In fact Klein had no time records at all. Only

**100**

after the resolution of the libel case did Klein claim that he was owed legal fees. In view of the totality of Klein's testimony, there was a failure of proof that the parties understood and intended that compensation was to be paid to Klein. Without this proof, Klein could not raise the presumption that he was entitled to reasonable compensation for his services. As a result, Klein did not meet the requirements of proof set forth in *Tipper,* and the trial court properly granted the motion for directed verdict.

Additionally, Klein seeks attorneys fees based on his own approximation of the hours which he spent, without any time records whatsoever, and without any expert evidence as to the value of his services rendered. This is inadequate. See, *Morgan v South Atlantic Production Credit Association,* 528 So.2d 491 (Fla. 1st DCA 1988), which reiterated the guidelines for awarding attorney's fees set forth in the Rules Regulating the Florida Bar and in *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985). In that case it is stated that the trial court should: 1) determine the hours reasonably expended, based upon a review of the attorney's time records, which in turn would reflect the novelty and difficulty of the questions involved; 2) determine a reasonable hourly rate, which the party seeking the fees has the burden of establishing; 3) multiply hours reasonably expended by reasonable hourly rate for the attorney's fee. . . . See also, *Tanner v Tanner,* 391 So.2d 305 (Fla. 4th DCA 1980), a case denying an attorney his fees because only the attorney claiming the fees testified. The Fourth District Court of Appeals held that an award of attorney's fees must be substantiated with expert testimony.

In the present case, Mr. Klein failed to produce time records for the court's review, even though it is a requirement when asking the court to award reasonable attorney's fees. Absent the time records, the court could not determine the hours reasonably expended on behalf of the Appellees, especially since Klein was representing himself and thirteen other defendants in the libel action. Furthermore, Klein did not meet his burden of proof for quantum meruit inasmuch as no expert testimony regarding his attorney's fees was presented. In light of *Tanner,* Klein's own testimony was inadequate for the court to award the claimed fees. Based on the criteria cited above, the trial court properly ordered a directed verdict. It is therefore,

ORDERED AND ADJUDGED that the Order of the County Court Broward County, Case No. 89-4824 SP which granted Defendants'/Appellees' Motion for Directed Verdict is AFFIRMED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, on this 12th day of April, 1990.