WENTWORTH, Judge.
Appellant, E.H., seeks review of a final order by which her request for expunction of a confirmed report of physical abuse was denied by the Department of Health and Rehabilitative Services (HRS). We find competent, substantial record evidence to support the agency’s findings, and affirm the denial of expunction. However, one issue before us merits brief discussion.
After HRS determined that a reported episode of child abuse involving appellant was confirmed and refused appellant’s request for expunction of the record, appellant petitioned HRS for a hearing under section 120.57(1), Florida Statutes, and a hearing was held. A court reporter was present to record the proceedings. At some point after the hearing, the court reporter relocated to another state, and despite efforts by the parties, no transcript of the proceeding could be obtained for the record on appeal.
Appellant was permitted upon motion before this court to prepare a statement of the evidence pursuant to Florida Rule of Civil Procedure 9.200(b)(4), which provides a method by which a record can be pre *51 pared in the event “no report of the proceedings was made,” or where a transcript of the proceedings is “unavailable.” The parties subsequently submitted to the original hearing officer their recollections of the evidence adduced at hearing, and the hearing officer reviewed them along with his own notes of the proceeding and entered an order of settlement of the evidence. It is this settlement of the evidence which constitutes the record before us for review.
Section 120.57(l)(b)(7), Florida Statutes, mandates that the agency conducting a 120.57(1) proceeding “shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost.” Thus, the burden for preserving the testimony offered at the expunction hearing in this case was upon HRS, and HRS’s argument that “the lack of a hearing transcript cannot be blamed on either party” is inaccurate. Under such circumstances, the risk of insuring that, for purposes of an appeal, a transcript is not unavailable for the reasons specified here is on the agency conducting the hearing, and a good faith effort by the agency to preserve the record is insufficient.
However, appellant's argument on appeal is only that there is insufficient evidence in the record to support a finding that there was an episode of child abuse and that appellant was the perpetrator. Although appellant makes reference to the agency’s obligation to preserve a transcript of the proceeding and argues that any lack of detail should not be “weighed” against the appellant, no argument is presented that the record, because of a failure by the agency to comply with section 120.-57(l)(b)(7) is insufficient as a matter of law, or that the statement of the evidence produced by the hearing officer in conformance with Rule 9.200(b)(4) is a legally insufficient record of the proceedings under these circumstances. Upon the issues preserved and presented here, we have reviewed the record that is before us and find no reversible error.
Affirmed.
NIMMONS and ALLEN, JJ., concur.