PER CURIAM.
■ Appellant, South Atlantic Production Credit Association, challenges the entry of a deficiency judgment in its favor which, according to South Atlantic, improperly reduced the amount of the deficiency that appellees, the Morgans, owed to South Atlantic. In addition, appellant challenges the trial court’s order releasing a superse-deas bond. Although we affirm the trial court on this latter point without further elaboration, we must reverse the deficiency judgment for its improper reduction of the amount due appellant.
South Atlantic obtained a final judgment of foreclosure against the Morgans on July 17, 1987. The judgment, which was to bear interest at a rate of 12% per annum, included an amount for attorney’s fees. Prior to the scheduled foreclosure sale, the Morgans took an appeal to this court challenging that portion of the judgment which awarded attorney’s fees to South Atlantic. In Morgan v. South Atlantic Production Credit Association, 528 So.2d 491 (Fla. 1st DCA 1988), this court reversed the fee award and remanded the case for the trial court to set the fee according to the dictates of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). On remand, the trial court awarded an even greater attorney’s fee, ordered interest from July 17, 1987, and scheduled a foreclosure sale.
When the sale proceeds proved insufficient to satisfy the judgment, South Atlantic requested a judgment for the deficiency. The Morgans argued that the deficiency should not include interest that accrued between July 1987 and the time of the sale in October 1988. According to the Morgans, South Atlantic was responsible for any interest that accrued while the case was on appeal, for it was South Atlantic that urged the trial court into error requiring correction on appeal. The trial court accepted this argument and entered a deficiency judgment that excluded interest for the period between July 1987 and October 1988. South Atlantic now appeals this ruling, arguing that the Morgans were contractually responsible for interest regardless of the outcome of their attorney’s fee appeal.
It has long been the law that the decision to grant a deficiency judgment is within the sound discretion of the trial court. § 702.06, Fla.Stat. Where a deficiency is denied, the trial court must set forth equitable considerations that sufficiently explain the denial. Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977).
In the instant case, the trial court granted the deficiency but excluded the interest that had accrued since entry of the initial judgment of foreclosure. To the extent that this constituted a partial denial of the deficiency, we find that it was not *967 supported by equitable considerations. The trial court offered no cognizable reason why it would be inequitable to award South Atlantic the interest that accrued while the Morgans pursued their appeal on the attorney’s fee issue, regardless of whether the appeal was successful or unsuccessful. Cf. Maudo, Inc. v. Stein, 201 So.2d 821 (Fla. 3d DCA 1967) (affirming the trial court’s award of interest which accrued while the debtors took a successful appeal challenging the amount of a deficiency judgment).
We are more inclined to view the trial court’s action not as a partial denial of the deficiency, but as an attempt to amend the final judgment of foreclosure. The final judgment, as it existed before the earlier appeal and after modification on remand, contained a provision for interest on the amount due South Atlantic. By excluding interest from the deficiency, the trial court has effectively stricken this provision from the final judgment. This, the trial court was without authority to accomplish.
Accordingly, we must reverse the trial court and remand the case for entry of a deficiency judgment for the full amount of the deficiency. We affirm the trial court’s order releasing the supersedeas bond.
WENTWORTH, MINER and WOLF, JJ., concur.