ORDER ON RELINQUISHMENT OF JURISDICTION

LAWRENCE, Judge.
The Department of Health and Rehabilitative Services (Department) appeals a final order modifying child support, claiming that the trial court erred in departing from the presumptive statutory guideline amounts for child support without making specific findings to explain the deviation. We remand for submission of a properly prepared statement of the evidence, in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). A final hearing was held on March 2, 1993, upon the following motions filed by the Department against Dean and Arlene Christ-man: motion to hold them in contempt for failure to pay present and past due child support; motion for sanctions for their failure to respond to discovery; and motion to increase child support. The Christmans were present at the hearing but were not represented by counsel. Significant testimony regarding their net income and deductions apparently was taken at this hearing, but a transcript of the proceedings is not available for review because no court reporter was present.
On appeal, in lieu of a transcript, the Department submitted a “Statement of Evidence” pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), which provides in relevant part:
If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
We cannot accept the submitted statement in lieu of a transcript because it does not comply with rule 9.200(b)(4). There is no approval by the trial court, and thus no confirmation that the Christmans were afforded an appropriate opportunity to be heard as to the content of the statement; in addition, the statement was not made a part of the record in this case, but merely submitted as an appendix to the Department’s brief. There are serious and important issues raised in this case which persuade us to remand even in the absence of an objection by the appellees.
If a statement cannot be prepared in accordance with this rule, the appeal is subject to affirmance due to the appellant’s failure to present a record demonstrating reversible error. Wood v. Florida Unemployment Appeals Comm’n, 535 So.2d 340, 341 (Fla. 1st DCA 1988); see also Walt v. Walt, 596 So.2d 761 (Fla. 1st DCA 1992).
While we have authority to summarily affirm for lack of a sufficient record, we find that justice would be better served in this ease by giving the Department an opportunity to prepare a proper statement of the evidence. See Jones v. Jones, 359 So.2d 579 (Fla. 1st DCA 1978).
Accordingly, we relinquish jurisdiction of this case to the trial court for a period of sixty days, in order to permit the Department to submit a proper record.
BOOTH and DAVIS, JJ., concur.