667 So.2d 216 (1995)
BAY MEDICAL CENTER and Sedgwick James of Florida, Inc., Appellants,
v.
Pamela HAYNES, Appellee.
No. 95-311.
District Court of Appeal of Florida, First District.
August 4, 1995.
*217 Brian B. Bolton of Langston, Hess & Bolton, Maitland, for appellants.
Arthur C. Beal, Jr., Tallahassee, for appellee.

ON APPELLANTS' MOTION TO REMAND FOR HEARING DE NOVO
PER CURIAM.
The employer/carrier move to remand for a hearing de novo before the Judge of Compensation Claims showing that the tapes which recorded the proceedings have been lost. We relinquished jurisdiction for 30 days to allow the parties to attempt to prepare a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). The JCC held a conference to determine if the parties could stipulate to relying on the order on appeal as the statement of the evidence or have the JCC reproduce the limited trial testimony from his notes. The e/c objected and stated that only a trial de novo would suffice.
The e/c now files a motion to remand for a hearing de novo. The JCC has advised the court that although he believes he could reconstruct the record, he feels compelled to comply with the e/c's request for a trial de novo.
In view of the JCC's recitation that he believes he can settle and approve a record based on his detailed order and his accurate and copious notes, we deny the motion for remand for a new evidentiary hearing. The efforts to reconstruct the record to date appear to be entirely informal and the JCC has not certified that the record cannot be reconstructed. Accordingly, we relinquish jurisdiction to the JCC with instructions that all participants formally undertake a determined effort at reconstruction of the record. Felton v. State, 523 So.2d 775 (Fla. 3d DCA 1988). If the parties are unable to prepare a stipulated statement as allowed under rule 9.200(a)(3), then they shall proceed under rule 9.200(b)(4). That rule allows the appellants to prepare a statement of the evidence or proceedings from the best available means, including the appellants' recollection. The statement must be served on the appellee, who may file objections or proposed amendments. Thereafter, the statement and objections or proposed amendments are submitted to the lower tribunal for settlement and approval. There is no requirement that the parties stipulate and the JCC has the authority to resolve any disputes.
Jurisdiction is relinquished to the lower tribunal for 30 days to allow the parties to reconstruct the record. In the event reconstruction is found to be impossible, the JCC shall so certify to this court.
MOTION DENIED.
ZEHMER, C.J., and KAHN and DAVIS, JJ., concur.