HARRIS, J.
We have no option but to reverse the finding of dependency in this matter, not on the merits but on the insufficiency of the record. Although the court had the proceedings recorded, some of the tapes failed to record.
Even though the Department of Children and Families conceded that it had *265 failed to prove some of its material allegations, the court found:
However, denominated within the allegations contained within paragraph nine, it all boils down to this, the mother despite her best efforts is a mental health patient, her children are mental health patients, she does not have the ability to control them without the assistance of others. Her own testimony indicates that and the very reason that she went to the Department to begin with was indicative of that.
(Emphasis added).
[[Image here]]
That is the very thing that she didn’t want to accomplish, she was trying to get them to a facility where they could be evaluated. And I think through her own testimony she has proven every good reason why, why the Department should intervene. Because I do believe they are at risk, they are unable to control themselves.
On appeal, the mother contends that the record does not support the judge’s findings. She is right. It is the mother’s testimony which failed to record. Since the judge relied on her testimony in reaching his decision, she is entitled to have that record before us. Through no fault of her own, it is unavailable. Because of the circumstances of the mother, we do not find it necessary to remand for an attempt to reconstruct the record. Cf. Bay Medical Center v. Haynes, 667 So.2d 216 (Fla. 1st DCA 1995). The better solution, we believe, is to remand for a new hearing.
REVERSED and REMANDED for a new adjudicatory hearing.
COBB, and PETERSON, JJ., concur.