FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-2777
_____

DERRICK WELLS,

 Appellant,

v.

ANGELA WELLS,

 Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Susanne Wilson Bullard, Judge.


June 24, 2026

TREADWELL, J.

Appellant challenges a supplemental judgment modifying his timesharing and parental responsibility. He argues that the trial court's decision and the evidence it relied on were flawed for various reasons, all of which require a record of the trial below. Because no trial transcript or suitable substitute was included in the record, we provided Appellant with an opportunity to provide the omitted transcript within 10 days, pursuant to rule 9.200(f)(2), Florida Rules of Appellate Procedure. Failure to do so, we warned, could result in affirmance under *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

Conceding that no transcript exists, Appellant sought to avoid affirmance under *Applegate* by moving for an extension of time to

create a statement of the evidence or proceedings pursuant to rule 9.200(b)(5), Florida Rules of Appellate Procedure. We write to explain why we are denying Appellant's last-minute motion and affirming under *Applegate*.

Rule 9.200(b)(5) provides,

> If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. Thereafter, the statement and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval. As settled and approved, the statement must be included by the clerk of the lower tribunal in the record.

Fla. R. App. P. 9.200(b)(5).

Although there is no explicit time limit in rule 9.200(b)(5) for a party to prepare and serve a statement of the evidence or proceedings, the plain text indicates that any "settled and approved" statement "must be included by the clerk of the lower tribunal in the record." *Id.* The rule thus contemplates the preparation of such a statement during the time period when the clerk is preparing the record for appeal.

The Fifth District has accordingly interpreted the rule to include "time strictures" requiring an appellant to take steps to prepare and serve a statement, then submit the matter to the lower tribunal for settlement and approval, "so that the clerk of the lower tribunal could include it in the record on appeal." *Thomas v. Thomas*, 498 So. 2d 668, 669—70 (Fla. 5th DCA 1986) (declining to extend the opportunity to create a statement "after the filing of the appellate record with the appellate court").[*] The

---

[*] Rule 9.200(b)(5) was previously designated as (b)(4) until January 1, 2019. *In re Amendments to Florida Rules of Appellate Procedure-2017 Regular-Cycle Report*, 256 So. 3d 1218 (Fla. 2018).

Third District has adopted the same time limitations. *See Chisholm v. Chisholm*, 538 So. 2d 961, 962–63 (Fla. 3d DCA 1989) ("As stated in *Thomas,* . . . any necessary reconstruction of a missing transcript must be undertaken within the time prescribed in the rule so that the clerk of the lower court can include the reconstructed transcript in the record on appeal."); *Miranda v. RBS Citizens*, 253 So. 3d 746, 748–49 (Fla. 3d DCA 2018) ("Here, as in *Chisholm*, Appellants have not demonstrated that they took the timely steps to include a reconstructed transcript in the record on appeal."). The Fourth District, on the other hand, has eschewed any time limitations in rule 9.200(b)(5), concluding that the trial court maintains jurisdiction to recreate the record even after the transmittal of the record on appeal. *Terry v. State*, 263 So. 3d 799, 805–06 (Fla. 4th DCA 2019).

This Court has never imposed a strict time limit for the preparation of a statement under rule 9.200(b)(5). Even after the transmittal of the record, this Court and the Florida Supreme Court have relinquished jurisdiction to allow a party to attempt to supplement the record with a statement of the evidence or proceedings. *See, e.g.*, *Craig v. State*, 510 So. 2d 857, 860–61 (Fla. 1987); *Bass v. State*, 304 So. 3d 786, 790–91 (Fla. 1st DCA 2018). Sometimes this Court has explained the circumstances that justified the relinquishment of jurisdiction in pursuit of a statement. *See, e.g.*, *Kuenstler v. Andreasen*, 386 So. 2d 896, 896–97 (Fla. 1st DCA 1980) (relinquishing jurisdiction where the moving party made an earlier attempt to prepare and approve a statement of the proceedings, but the responding party did not comply with the procedure); *Bay Med. Ctr. v. Haynes*, 667 So. 2d 216, 217 (Fla. 1st DCA 1995) (relinquishing jurisdiction where the lower tribunal expressed an ability to settle and approve a statement of the record); *Newton v. Lionel Playworld*, 557 So. 2d 247 (Fla. 1st DCA 1990) (explaining that the tapes of the final

Before that, the rule was designated as 9.200(b)(3) from 1977 until July 1, 1987. *The Florida Bar re Amendments to Florida Rules of Appellate Procedure & Rules of Judicial Admin.*, 509 So. 2d 276 (Fla. 1987). References to rule 9.200(b)(5) in this opinion encompass the prior numbering, as well, to avoid confusion where courts discussed the rule under its prior designations.

hearing could not be transcribed); *Montgomery Truck Lines v. Southworth*, 550 So. 2d 567, 567 (Fla. 1st DCA 1989) (same). At other times, this Court has relinquished jurisdiction with little explanation at all. *See, e.g.*, *State, Dep't of Health & Rehab. Servs. v. Christman*, 635 So. 2d 94, 95 (Fla. 1st DCA 1994) (relinquishing jurisdiction because "justice would be better served" by giving the Department an opportunity to prepare a proper statement); *E.H. v. Dep't of Health & Rehab. Servs.*, 571 So. 2d 50, 50–51 (Fla. 1st DCA 1990) (relinquishing jurisdiction "upon motion"). This Court has even permitted attempts to supplement the record after briefing commenced. *See, e.g.*, *Morgan v. S. Atl. Prod. Credit Ass'n*, 528 So. 2d 491, 491–92 (Fla. 1st DCA 1988).

Here, Appellant seeks to prepare a statement after the record has been transmitted and after briefing has been completed. He provides no explanation as to why he did not attempt to prepare a statement earlier. He merely contends that he "must utilize" the procedure under rule 9.200(b)(5) because no transcript exists. As a result, he could not meet the 10-day deadline to provide a transcript, pursuant to rule 9.200(f)(2), but instead would need a 45-day extension of time to provide a statement of the evidence or proceedings.

Given that Appellant's motion for extension of time is in response to our order under rule 9.200(f)(2), we take this opportunity to clarify that rule 9.200(f)(2)'s requirement to give an appellant "an opportunity to supplement the record" only applies to portions of the record that were "omitted" from the transmitted record in the first place. Fla. R. App. P. 9.200(f)(2) (applying when the record on appeal is "incomplete"). Rule 9.200(f)(2) does not entitle the appellant to an opportunity to supplement the record by *creating* a substitute for the transcript. *Snowden v. Wells Fargo Bank*, 172 So. 3d 506, 508 (Fla. 1st DCA 2015). This is because rule 9.200(f)(2) "is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal." *Id.* (quoting Fla. R. App. P. 9.200 comm. notes (1977)); *Saunders Contracting v. Clemens*, 492 So. 2d 1379, 1379–80, 1380 n.1 (Fla. 1st DCA 1986) (same); *see also Thomas*, 498 So. 2d at 669 (explaining that rule 9.200(f)(2) "does not encompass a situation where there is an *absence* of record below, as opposed to a failure by the parties to include parts of an

4

*extant* record below"); *Chisholm*, 538 So. 2d at 963 (same); *Se. Bank, N.A. v. David A. Steves, P.A.*, 552 So. 2d 292, 293 (Fla. 2d DCA 1989) (explaining that rule 9.200(f)(2) does not apply "where there is a complete lack" of a transcript or a statement of the proceedings). Thus, rule 9.200(f)(2) does not permit Appellant to prepare a previously nonexistent statement of the evidence or proceedings under rule 9.200(b)(5).

Occasionally, though, this Court has offered, alongside an order to produce a missing transcript pursuant to rule 9.200(f)(2), the opportunity to prepare a statement of the evidence or proceedings pursuant to rule 9.200(b)(5), in the absence of a transcript. *See, e.g.*, *Southside Church of Christ of Jacksonville, Inc. v. Walker*, 286 So. 3d 951 (Fla. 1st DCA 2019); *Walt v. Walt*, 596 So. 2d 761, 762 (Fla. 1st DCA 1992); *Starks v. Starks*, 423 So. 2d 452, 453 (Fla. 1st DCA 1982). But the Court's prior discretion in this regard does not obligate us to afford every party an opportunity to prepare and approve a statement of the evidence or proceedings, especially at late stages of an appeal. *See Chisholm*, 538 So. 2d at 963 ("An appellate court has no obligation to afford the appellant a second opportunity to create an entire transcript because he ignored the rule when the record on appeal was being prepared.").

Notably, Appellant was aware that the trial transcript might be missing more than six months prior to his motion for additional time to prepare a statement. On November 10, 2025, Appellant stated to this Court, "There is one (1) requested transcript missing from the docket, which was requested by Appellant during proceedings and will be discussed during the initial brief, as it is connected to [the] Judicial Order which ceased timesharing." Thereafter, on February 17, 2026, Appellant filed an initial brief but did not mention the transcript. His motion for time to prepare a statement was not filed until May 28, 2026.

Because Appellant was aware of the record deficiency but did nothing until the eleventh hour of this appeal when he faced imminent affirmance pursuant to *Applegate*, we are not inclined to further delay these proceedings to provide him another opportunity to recreate a record. *See Snowden*, 172 So. 3d at 508 (the parties noted in their briefs the incomplete nature of the

transcript, so the continued deficiency "was not a mere oversight unknown to" the appellants); *E.M. v. Dep't of Child. & Fams.*, 327 So. 3d 960, 961 n.* (Fla. 1st DCA 2021) (holding the lack of a record against the appellant who did not seek to supplement the record with the transcript (or a statement of the evidence) despite its absence being recognized in the initial, answer, and reply briefs). Indeed, an appellant may waive the opportunity to supplement the record if the appellant "fails to promptly seek to supplement the record after notice is given of a perceived deficiency." *Fay v. Craig*, 99 So. 3d 981, 982 (Fla. 5th DCA 2012); *see also Cirillo v. Davis*, 732 So. 2d 387, 389 (Fla. 4th DCA 1999) (the appellants waived the opportunity to supplement the record because they failed to move to do so after the appellees pointed out the deficiency in the record). Finally, in custody-related cases, a delay in submitting a statement of the evidence is "wholly inconsistent with this Court's well-known practice of providing expedited review in cases involving children." *Ours v. Ours*, 515 So. 2d 281, 282 n.2 (Fla. 1st DCA 1987).

For these reasons, we deny Appellant's motion for an extension of time to prepare a statement of the underlying proceedings pursuant to rule 9.200(b)(5), and we affirm the judgment due to the lack of a transcript. *See Jones v. First Fed. Sav. & Loan Ass'n of Perry*, 503 So. 2d 414, 414 (Fla. 1st DCA 1987) (affirming the judgment after the appellants had "ample opportunity" to furnish a transcript or stipulate to a statement pursuant to rule 9.200(b)(5)).

AFFIRMED.

ROBERTS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Derrick Wells, pro se, Appellant.

Darby Fitzgerald Hertz of Hertz & Kearns, Gainesville, for Appellee.