BENTON, J.
After the plaintiff had rested, the defense renewed its motion for summary dismissal on grounds of fraud, alleging that the plaintiff had lied under oath. The trial court, which had denied the original motion before the trial began, initially took the renewed motion under advisement, and the case went to the jury, which returned a verdict for the defendants. Then, rather than enter judgment on the verdict, the trial court entered judgment solely “PURSUANT to the Court’s Order dismissing Plaintiffs case for fraud upon the Court.”
The trial court ruled that the plaintiffs “conscious scheme ... to enhance the value of his case by misrepresenting his physical limitations under oath” constituted a fraud on the court. It reached this conclusion on the basis of the evidence adduced at the trial, and at the earlier hearing on defendant’s motion to dismiss for fraud. The court denied plaintiffs repeated requests for a new, separate evidentiary hearing.
*859 The failure to allow plaintiff an opportunity to present additional evidence was error. See Furst v. Blackman, 744 So.2d 1222, 1224-25 (Fla. 4th DCA 1999). Accordingly, we reverse and remand for further proceedings. On remand the trial court may simply enter judgment on the verdict. If the trial court concludes sanctions are appropriate, the parties are entitled to put on additional evidence, after proper notice, prior to sanctions being imposed. In the event of such an evidentiary hearing, the trial court may consider all matters of record along with any evidence adduced at the additional hearing.
Reversed and remanded.
ALLEN, C.J., and HAWKES, J., CONCUR.