HAWKES, J.
Timmy Riley (Appellant) appeals the lower court’s order imposing sanctions. We affirm.
Appellant, a member of the general public and an uninterested third-party, filed an Objection after the public sale of property following a foreclosure action filed by Appellee, Associates Home Equity Services, Inc. (Home Equity). Appellant objected to the public sale on the grounds that the foreclosure was not published in accordance with Chapter 45, Florida Statutes. Appellant argued “[sjection 45.031(1), F.S.1997, requires the second publication shall be at least 5 days before the sale not lk days as in this case, and thus, (sic) Clerk, (sic) without authority to hold such sale.” (emphasis in original).
In response, Home Equity filed a Motion to Strike Third-Party Objection and Motion to Issue Certificate of Title and Request for Sanctions. The Motion alleged Appellant was not a party to the action and had no standing to object to the sale; the sale was properly published and executed; there was no legal reason to delay issuing the Certificate of Title; Home Equity had to retain counsel to respond to Appellant’s motion; Home Equity was unable to obtain Certificate of Title due to Appellant’s actions; and Home Equity was unable to begin marketing the property due to this delay. For these reasons, Home Equity sought an order striking Appellant’s objection and imposing sanctions. The certificate of service indicates Appellant was served at the address he provided in his Objection. Along with the Motion, Home Equity served a Notice of Hearing. The Notice indicated a hearing would be held on Home Equity’s Motion and Appellant’s Objection in two weeks at 9:20 a.m. The certificate of service indicates it was mailed to the address provided by Appellant.
One week later, Home Equity served a Re-Notice of Hearing for the same day as previously noticed at a later time of 10:40 a.m. Again, the certificate of service indicates the Notice was mailed to the address provided by Appellant. On the date the hearing was scheduled, the lower court entered an “Order on Motion to Strike Third-Party Objection and Motion to Issue Certificate of Title and Request for Sanctions” imposing $125.00 in sanctions against Appellant. It appears Appellant was not present at the hearing.
Appellant moved to “vacate or correct ex parte order,” in pertinent part, on grounds that he “lack[ed] knowledge of any charges against him”; the court “negligently failed to provide full information of the charges against [Appellant], as required by law, prior to its imposition of sanctions”; imposition of sanctions was “under false pretenses and color of State law,” “illegal and unconstitutional”; Appellant is “entitled to full information of any and all charges *663 against him, notice and an opportunity to be heard by jury trial prior to imposition of any alleged sanctions.” The lower court, treating Appellant’s motion as a motion for rehearing, denied the motion, holding Appellant set forth no grounds not previously considered by the court, and no hearing on the motion was required.
A trial court has broad discretion to impose sanctions on litigants for their conduct before the court. See Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002). The standard of review for a trial court’s imposition of sanctions is an abuse of discretion. See Distefano v. State Farm Mut. Auto Ins. Co., 846 So.2d 572 (Fla. 1st DCA 2008). Before sanctions may be imposed, the person being sanctioned must be given notice and an opportunity to be heard. See generally Martin v. State, 747 So.2d 886 (Fla.2000); Stephens v. Bay Medical Center, 839 So.2d 858 (Fla. 1st DCA 2003).
In this case, Home Equity’s Motion and both Notices of Hearing were sent to Appellant at the address he provided. The trial court may conclude Appellant received notice and, had Appellant chosen to attend the hearing, he would have had an opportunity to be heard. It appears from Appellant’s pleadings that he may have confused the imposed sanctions with a criminal charge. However, once he chose to interject himself into the proceeding below, he was held to the same standard as any other litigant. Since Appellant’s objection to the judicial sale was frivolous, the trial court did not abuse its discretion by imposing sanctions. The trial court’s order is AFFIRMED.
BOOTH and VAN NORTWICK, JJ„ concur.