883 So.2d 330 (2004)
J P MORGAN CHASE BANK, as Trustee for etc., Appellant,
v.
Lynn A. COMBEE, a/k/a Lynn A. Holmes Combee, etc., Appellee.
No. 1D03-2950.
District Court of Appeal of Florida, First District.
August 30, 2004.
Rehearing Denied October 8, 2004.
*331 Robert Garven, Coral Springs, for Appellant.
None, for Appellee.
HAWKES, J.
J P Morgan Chase Bank appeals the trial court's order dismissing with prejudice its complaint against Appellee, Lynn Combee. We affirm.
A trial court has broad discretion to impose sanctions on litigants for their conduct before the court. See Riley v. Assoc. Home Equity Servs., Inc., 850 So.2d 661, 662 (Fla. 1st DCA 2003). Thus, we review a trial court's imposition of sanctions for an abuse of discretion. See id. Because dismissal with prejudice is a harsh sanction, it should be used only sparingly. See e.g., Queen v. Adams Mark Hotel, 728 So.2d 804, 805 (Fla. 1st DCA 1999).
However, a trial court's findings and judgment come to a reviewing court with a presumption of correctness, and cannot be disturbed absent a record demonstrating reversible error. See e.g., Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Lafaille v. Lafaille, 837 So.2d 601, 604 (Fla. 1st DCA 2003). The burden is on the appellant to demonstrate reversible error and present an adequate record for review. See e.g., Applegate, 377 So.2d at 1152; Lafaille, 837 So.2d at 604. Without an adequate record of the proceedings below, the appellate court cannot properly resolve factual issues to conclude the trial court's judgment is not supported by evidence or an alternate theory. See Applegate, 377 So.2d at 1152. Moreover, "[w]ithout knowing the factual context, neither can an appellate court reasonably conclude that the trial court so misconceived the law as to require reversal." Id. The trial court's decision "could well be supported by evidence adduced *332 at trial [or hearing] but not stated in the judge's order or otherwise apparent in the incomplete record on appeal." Id.
Here, the record indicates Morgan, a sophisticated party-plaintiff, received an order scheduling a case management conference for February 19, 2003. The order, in bold italicized language, stated that a failure to attend may result in dismissal of the case. Morgan attended that conference wherein the parties informed the court an agreement had been reached, but Morgan was unable to verify whether Combee completed the terms of the agreement as she claimed. Morgan, again, a sophisticated party-plaintiff, was informed that the court would reschedule the conference to be held within 60 days.
The order scheduling the second case management conference was identical to the first (i.e., contained the same warning of dismissal, and listed Morgan's counsel as being copied), and scheduled the hearing for 64 days after the first hearing. Morgan failed to attend the second hearing and, in its motion for rehearing following receipt of the order of dismissal, argued it did not receive the order scheduling the second hearing. That the second order lists Morgan as being copied creates a rebuttable presumption that Morgan received the order. See Reich v. Dep't of Health, 868 So.2d 1275, 1276 (Fla. 1st DCA 2004). Morgan's denial of receipt of the order does not automatically overcome this presumption, but it does create a question of fact to be resolved through an evidentiary hearing. See id.
A hearing was held. However, Morgan failed to provide this court with a transcript from that proceeding. Thus, we are without any information as to what steps Morgan may have taken to inquire about the scheduling of the case management conference, whether the court found Morgan had actual notice of the conference, whether a settlement was reached and later breached, any prejudice either party may have suffered, or any number of other findings the trial court may have made, or argument the parties may have presented.
In essence, we are left with only one question: Could anything that would justify the dismissal with prejudice have occurred in any of the case management conferences or during rehearing? The answer to that question is "Yes." Because the trial court's order of dismissal comes with a presumption of correctness, without an adequate record, we must presume, as did the court in Applegate, that it was based on evidence adduced at the hearing. Consequently, the trial court's order of dismissal with prejudice is AFFIRMED.
BROWNING, J., concurs; WOLF, C.J., concurs in result without opinion.