946 So.2d 60 (2006)
Sandra E. Young SCHMITT, Appellant,
v.
Dennis Paul MAILE, Appellee.
No. 4D05-4591.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Jennifer Labbe of The Labbe Law Firm, P.A., West Palm Beach, for appellant.
William G. Shofstall, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Sandra E. Young Schmitt (Mother) appeals the trial court's order *61 declining jurisdiction to modify a Georgia final judgment concerning the custody of her minor child with Appellee, Dennis Paul Maile (Father). We affirm.
In 2000, the Father, living in Florida at the time, filed for dissolution of his marriage to the Mother in Palm Beach County Circuit Court. The Florida court dissolved the marriage, but declined to consider child support or custody of the couple's minor child because the Mother and the child were living in Georgia, and Georgia was the child's home state. The Father then filed his request for child support and child custody in the Superior Court of Fulton County, Georgia.
The Georgia court entered a final judgment in the custody case on September 5, 2003, awarding sole legal custody of the couple's minor child to the Father. On November 3, 2004, the Mother filed a First Amended Petition for Domestication and Modification in the Florida court. In her petition, the Mother alleged a substantial change in circumstances, requiring a modification in custody, and requested primary legal and physical custody of the child. Specifically, she alleged that the Father's relocation of the child from Palm Beach County to Ames, Iowa, was not in the child's best interest, that the Father has demonstrated a pattern of alienation, and that the Father intends to further deny her court-ordered visitation.
The Georgia final judgment was domesticated on September 15, 2005. The Father filed an answer and affirmative defenses to the Mother's amended petition, arguing both that the Florida court should decline to exercise jurisdiction and that it is in the best interests of the child that there be no modification of the Georgia judgment. Both parties filed memoranda on jurisdiction. In open court with all counsel present, the trial court communicated by telephone with the Georgia trial judge who presided over the custody case. Subsequently, the trial court issued an order declining to exercise modification jurisdiction under section 61.516, Florida Statutes (2005). Specifically the order read:
THIS CAUSE, having come before this Court to determine this Court's jurisdiction to modify the Final Judgment regarding child custody issued by the Superior Court of Fulton County, Georgia, and, in accordance with Florida Statute § 61.511, this Court having communicated by telephone with the Honorable T. Jackson Bedford, Jr., the Fulton County Superior Court Judge who presided over the custody case, which communication was held in open Court, with all counsel present, and this Court being otherwise fully advised in the premises,
IT IS ORDERED that this Court hereby declines, at this time, to exercise modification jurisdiction under Florida Statute § 61.516;
IT IS FURTHER ORDERED that the parties may file appropriate motions with the Georgia Superior Court requesting the Georgia Court to modify the Final Judgment or, alternatively, requesting the Georgia Court to determine whether Florida or some other State would be a more appropriate forum as discussed in Florida Statute § 61.520.
The Mother argues that the trial court erred in declining to exercise modification jurisdiction.
However, because the Mother did not provide this court with a transcript or recording of the conversation between the Florida and Georgia courts, which gave rise to the order being appealed, the Mother has failed to demonstrate a basis for reversal in the record. In Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), the Florida Supreme Court recognized: "In appellate proceedings the decision of a trial court has the *62 presumption of correctness and the burden is on the appellant to demonstrate error." Id. at 1152. The Mother failed to satisfy this burden. Not only was the conversation unrecorded, but the Mother did not furnish this court with a stipulated statement of facts as a substitute for a recording pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).[1]See Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292, 293 (Fla. 2d DCA 1989) (concluding that "[w]here there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed").
Applegate advises further:
Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
377 So.2d at 1152. An inquiry into whether a trial court erred in declining to exercise jurisdiction to modify a foreign child custody decree necessarily involves underlying issues of fact. Thus, we cannot conclude that the trial court erred in applying the law to the facts of this case.
Affirmed.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] The lack of a transcript or recording is compounded further by the fact that the trial court's order does not specify why the trial court declined to exercise modification jurisdiction.