PER CURIAM.
In 2007, Todd J. Migliori [“Husband”] filed a motion for modification of child custody in the jurisdiction where the dissolution was entered. Deborah M. Mi- *671 gliori [“Wife”] filed a plainly meritless motion to transfer based on improper venue.[1] However, she also filed a supporting affidavit which, in general terms, asserted great inconvenience and hardship if the case were not moved to Bay County, where she then resided with the children. A hearing was conducted on this motion but, apparently, without a court reporter. As a result of the hearing, the trial court entered an order transferring the case to the circuit court in Bay County, in accordance with section 47.122, Florida Statutes (2007). This statute authorizes a court to transfer a “civil action to any other court of record in which it might have been brought” based upon “the convenience of the parties or witnesses or in the interest of justice....” Id.
According to Husband, at the hearing he opposed a transfer based on convenience by relying on several affidavits already contained in the court file. He had filed these affidavits in 2003 in response to a convenience venue change motion filed by Wife in an earlier post-dissolution proceeding. He asserts that there was no live testimony at the hearing and he asks us to weigh his 2003 affidavits against the Wife’s 2007 affidavit to find that the trial court abused its discretion in ordering the transfer based on convenience. However, given the issues on appeal and the lack of a transcript, we have no basis to reverse the decision of the trial judge. See, e.g., J P Morgan Chase Bank v. Combee, 883 So.2d 330, 331 (Fla. 1st DCA 2004) (“[A] trial court’s findings and judgment come to a reviewing court with a presumption of correctness, and cannot be disturbed absent a record demonstrating reversible error”).
AFFIRMED.
GRIFFIN, MONACO and LAWSON, JJ., concur.

. Under Section 61.13(2)(c), Florida Statutes (2007), venue was clearly proper in Orange County, the venue where the original custody order was entered. Venue was also proper in Bay County, where the Wife and children resided at the time. Id. Because venue was proper in more than one county, Husband had a right to seek relief in any proper venue. Id.