PER CURIAM.
In this appeal of S.J.’s adjudication and sentence, resulting from an alleged violation of probation in a delinquency case, Appellant has filed a motion for new trial due to the unavailability of the adjudicatory hearing transcript. Finding that the transcript is necessary to a fair review on appeal, we reverse for a new adjudicatory hearing on Appellant’s violation of probation.
The court reporter below attested to the fact that no audible recording pertaining to the violation of probation proceeding was made below because the judge inadvertently turned off the digital recording at the beginning of the hearing. The parties attempted to reconstruct the record, but were unable to do so. Unlike cases where only a portion of a proceeding is missing and no articulated grounds are raised to support error during trial, counsel for the Appellant seeks review of the sufficiency of the evidence used to support the Appellant’s adjudications.
*499 With no ability to review any portion of the adjudicatory proceeding on appeal, no meaningful appellate review can occur in this case. See Delap v. State, 350 So.2d 462 (Fla.1977); Williams v. Lebeau, 988 So.2d 1276 (Fla. 5th DCA 2008); L.I.B. v. State, 811 So.2d 748 (Fla. 2d DCA 2002). Therefore, we reverse and remand with directions that the trial court conduct a de novo violation of probation hearing.
REVERSED and REMANDED.
TORPY, LAWSON and EVANDER, JJ., concur.