ROTHENBERG, J.
 

 August Christine Cave (“mother”) appeals from the denial of her petition to modify custody. We affirm.
 

 In June 2001, an amended final judgment of dissolution of marriage awarded the mother and Felipe Rios (“father”) shared parental responsibility of their two minor children, but awarded primary residential responsibility of the children to the father. In October 2007, the mother filed a petition to modify custody, asserting that there had been a substantial change in circumstances warranting a modification of the primary residential parent designation from the father to the mother, and that the modification would be in the children’s best interest. Following a trial, at which the trial court heard testimony from numerous witnesses, the trial court entered an order denying the mother’s petition to modify custody based on specific findings of fact.
 

 On appeal, the trial court’s order denying the mother’s petition to modify custody comes to this Court clothed with a presumption of correctness.
 
 See Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass’n,
 
 949 So.2d 347, 349 (Fla. 4th DCA 2007) (holding that “a judgment from the trial court comes to an appellate court clothed with a presumption of correctness,” and that “this presumption of correctness is even stronger when reviewing a judgment based upon the factual findings of the trial court”). In support of her argument that the trial court abused its discretion by denying her petition to modify custody, the mother improperly relies on the father’s deposition testimony, as it was not admitted into evidence, and therefore not a part of the record on appeal.
 
 See Gross v. Hat-maker,
 
 173 So.2d 158, 160 (Fla. 2d DCA 1965) (holding that a deposition that is not introduced into evidence at trial is not a part of the record on appeal). Furthermore, as the mother has not filed a transcript of the trial or a statement of the evidence, as permitted under Florida Rule of Appellate
 
 *762
 
 Procedure 9.200(b)(4), no meaningful appellate review can occur in this case, and therefore, we must affirm the order under review.
 
 See S.R.J. v. State,
 
 997 So.2d 498, 499 (Fla. 5th DCA 2008) (“With no ability to review any portion of the adjudicatory proceeding on appeal, no meaningful appellate review can occur in this case.”);
 
 Smith v. Orhama Inc.,
 
 907 So.2d 594, 596 (Fla. 3d DCA 2005) (“As the appellants have failed to submit a transcript of the proceedings below, we conclude that the appellants have failed to meet their burden and that meaningful review is precluded.”);
 
 S. Fla. Apartment Ass’n v. Dansyear,
 
 347 So.2d 710, 711 (Fla. 3d DCA 1977) (finding that it is the responsibility of the appellant to provide a sufficient record for review, and that the failure to do so leaves the appellate court with no alternative but to assume that the trial court ruled correctly).
 

 Affirmed.