PER CURIAM.
 

 Gayla Carter Estes appeals a final order dismissing with prejudice her complaint against Dennis M. Sassano and Apollo Development Enterprises, L.L.C., appellees, as a sanction for her discovery violations. Estes argues that the trial court erred in imposing the extreme sanction of dismissal. Because the appellant has failed to produce an adequate record for appellate review, we affirm.
 

 Apollo Development Enterprises, L.L.C., (Apollo) is the developer of a condominium project known as Meditereanea Condominium. Dennis M. Sassano (Sassa-no) is an authorized agent, employee, joint venturer, and managing partner of Apollo. Gayla Estes (Estes) was engaged in real estate development. In Estes’ thirteen-count complaint against Apollo and Sassa-no, she alleges that on July 8, 2003, she visited Sassano’s office at Meditereanea.
 
 *384
 
 According to the allegations, Sassano took Estes to one of the units in the condominium project because the two were considering working together in the development of other projects. Estes alleges that, once in the apartment, Sassano sexually assaulted her. She alleges that she suffered severe emotional injury from this incident. Estes’ complaint alleges claims of sexual battery, false imprisonment, and assault, among other claims.
 

 Discovery was initiated. On June 8, 2005, appellees served a request for production of documents seeking production of income tax returns and other documents supporting .Estes’ claims. On July 18, 2005, the court entered an order scheduling a case management conference. Shortly thereafter, both of the law firms representing Estes withdrew. Estes obtained new counsel, but there was no compliance with the request for production or objection to the request. Appellees’ counsel filed a motion to compel on October 14, 2005. On November 4, 2005, the court entered an order compelling production of the items requested. Not much occurred in the case for the next year and a half. Then counsel for appellees issued numerous subpoena ducus tecum to Estes’ treating physicians and the hospitals in which she was treated. At the same time, appel-lees’ counsel continued to request compliance with the court’s order.
 

 On June 5, 2008, appellees sought a motion for sanctions setting out appellees’ efforts to obtain Estes’ income tax documents. The motion alleged that discovery had been withheld since June 8, 2005, in direct contravention of the court’s order on November 4, 2005. Following a hearing on the motion, the court ordered that Estes produce her income tax returns within thirty days and that she provide all other documents within ten days. The trial court announced the order on July 25, 2008, and signed it July 30, 2008.
 

 On August 1, 2008, Estes filed a request for a ten-day extension of time to comply with the trial court’s order, stating that she was away from home and the requested documents were at her residence. At or about the same time, she filed a notice of voluntary partial dismissal, dismissing “the lost wages elements of damages that she originally sought in her complaint.” On August 11, appellees filed a motion seeking dismissal as a sanction.
 

 Following a hearing on appellees’ motion seeking dismissal as a sanction, the trial court entered the order under review dismissing the appellant’s action. In this order, the trial court makes the following findings, in pertinent part:
 

 Extensive testimony was given by the plaintiff and considered by the court concerning her reasons for failing to comply with the court’s order.
 

 [[Image here]]
 

 This case is scheduled for jury trial in less than four weeks. In over three years since the Request for Production was first filed, despite numerous letters from defense counsel, a subpoena ducus tecum, and two previous orders issued by this court compelling production of the same documents, the plaintiff has still failed to comply in any meaningful way with requests and orders for production of items which would allow opposing counsel to evaluate her claim. The court is most reluctant to enter a order of dismissal, particularly in light of the fact that the plaintiff has produced a few documents. Taking into consideration, however, the plaintiffs lack of responsiveness throughout the duration of this case, her earlier specific refusal to provide tax documents, her continuing failure to produce documents
 
 *385
 
 the court finds essential to the evaluation of her claims even in the face of an order providing a penalty of dismissal for non-compliance, and her testimony given at the hearing held on October 1, 2008, the court is persuaded that the plaintiff will never fully comply with the order. This case has been pending for nearly four years, with most of the delay having apparently been caused by the plaintiff. It would be unjust to force the defendant to trial later this month with no more information than the plaintiff has provided. The plaintiff has had over three years to comply with a straightforward request for production, and with the unlikelihood of plaintiff ever complying, granting a continuance at this juncture would serve no useful purpose, but rather would only serve to reward the plaintiff for her abuse of the discovery process and her intentional defiance of, or willful indifference to, the orders of the court and would continue to needlessly increase defendants’ expenditures for defense of this action.
 

 In
 
 Mercer v. Raine,
 
 443 So.2d 944, 945-46 (Fla.1983), the Florida Supreme Court held that a trial court’s order granting sanctions for violations of discovery rules should be reviewed using an abuse of discretion standard. The court explained: “[T]o justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.”
 
 Id.
 
 at 946. The
 
 Mercer
 
 court reasoned that such wide discretionary sanction power was necessary because “a trial judge ... sees the parties first-hand and is more fully informed of the situation ...”
 
 Id.
 
 at 945 (quoting
 
 Farish v. Lum’s, Inc.,
 
 267 So.2d 325, 327-28 (Fla.1972)); and “it is impossible to establish a rule of law for every conceivable situation which could arise in the course of a trial ... [or] in the discovery process.”
 
 Id.
 
 at 946. “[A]s
 
 Mercer
 
 makes clear, it is the responsibility of the trial court, and not the appellate courts, to manage and control the trial process, including the application of sanctions for serious abuses.”
 
 Tramel v. Bass,
 
 672 So.2d 78, 83 (Fla. 1st DCA 1996). “Because dismissal with prejudice is a harsh sanction, it should be used only sparingly.”
 
 J.P. Morgan Chase Bank v. Combee,
 
 883 So.2d 330, 331 (Fla. 1st DCA 2004).
 

 Estes has the burden to demonstrate an abuse of discretion by the trial court and to present an adequate record for appellate review.
 
 Id.
 
 Without an adequate record of the proceedings below, this court cannot reasonably conclude that the trial court so misconceived the law as to require reversal.
 
 Id.
 
 Similarly, without an adequate record, Estes cannot demonstrate what arguments she presented to the trial court in order to show those arguments were properly preserved.
 
 Id.
 
 at 332;
 
 Precision Tune Auto Care, Inc. v. Radcliffe,
 
 804 So.2d 1287, 1291 n. 2 (Fla. 4th DCA 2002) (arguments not preserved because, without transcript of hearing, there is no record they were made to the trial court).
 

 The record before us does not contain transcripts of the hearing on the motion for sanctions in July 2008 or the hearing on the motion seeking dismissal as a sanction on October 1, 2008. Because Estes has failed to provide an adequate record “this court is unable to review the factual or legal basis for the trial court’s decision.”
 
 Rose v. Clements,
 
 973 So.2d 529, 530 (Fla. 1st DCA 2007);
 
 see also Klette v. Klette,
 
 785 So.2d 562, 563 (Fla. 1st DCA 2001). This is particularly true here where the trial court based its decision in part on the testimony Estes gave at the
 
 *386
 
 final hearing and neither a transcript of that hearing nor an approved statement of proceedings,
 
 see
 
 rule 9.200(b)(4), Florida Rules of Appellate Procedure, is included in the record on appeal. As a result, “[b]ecause the trial court’s order of dismissal comes with a presumption of correctness, without an adequate record [this court] must presume, ... that [the trial court’s order] was based on evidence adduced at the hearing.”
 
 J.P. Morgan,
 
 883 So.2d at 332;
 
 see Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla.1979).
 

 KAHN, BENTON, and VAN NORTWICK, JJ., concur.