ON MOTION TO COMPEL TRANSCRIPT
TORPY, J.
Appellee has filed what she labels a “Motion To Compel Appellant To Order A Complete Trial Transcript.” She purports to base her motion on Florida Rule of Appellate Procedure 9.200(f)(2), contending that the partial transcript designated by Appellant is insufficient to address the issues on appeal. Because we have recently experienced an increased number of similar motions, and in an effort to curb this particular practice and conserve this Court’s resources, we have determined that a published opinion is warranted.
Rule 9.200(f)(2)[1] was promulgated in 1977 with the avowed intent to ameliorate the harsh consequences to an appellant when the court’s decision to affirm is based on an incomplete record or transcript. See Fla. R. App. P. 9.200(f) committee notes (1977) (stating rule 9.200(f) intended to “avoid” result in cases like Pan Am. Metal Prods. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962), where lower court affirmed because appellate counsel failed to supply adequate record). This *982 rale prohibits a court from disposing of a case based on an incomplete record “until an opportunity to supplement the record has been given.” The relief Appellee seeks — to compel Appellant to designate the entire transcript for inclusion in the record — -is not available under this rule, especially at this procedural juncture before the briefing period ends.
Although not cited by Appellee, rule 9.200(e), which places the burden on the appellant/petitioner to ensure that the record on appeal is prepared and transmitted in accordance with the appellate rules, expressly authorizes “any party5’ to enforce its provisions “by motion.” Even were we to treat Appellee’s motion as a rule 9.200(e) motion, however, it would be insufficient. Appellee has not asked that we strike unsupported factual assertions, nor directed our attention to any particular portion of the initial brief that she claims is not compliant with the rules. She simply asserts that a “full transcript” should be ordered so that she is not “require[d] ... to incur the cost of providing the rest of the trial transcript.” The appellate rules do not require the filing of the entire trial transcript; rather, the appellant need only file portions of the transcript “deemed necessary.” Fla. R. App. P. 9.200(b)(1). Indeed, depending on the issue(s), an appeal may proceed on the merits with a partial transcript or no transcript at all. See, e.g., Bowen v. Taylor-Christensen, 98 So.3d 136 (Fla. 5th DCA 2012) (limited transcript appropriate where sole issue on appeal from wrongful death trial was vicarious liability of title holder); Fla. High Sch. Activities Ass’n v. Adderly, 574 So.2d 158 (Fla. 4th DCA 1990) (no transcript necessary where error is on face of injunction order).
Our decision to deny the motion should not be viewed as a determination that Appellant has met his burden to furnish the necessary record. To a large extent appellants proceed at their peril when they furnish a partial transcript. See, e.g., Estes v. Sassano, 47 So.3d 383 (Fla. 1st DCA 2010); Cave v. Rios, 15 So.3d 760 (Fla. 3d DCA 2009); Schmitt v. Maile, 946 So.2d 60 (Fla. 4th DCA 2006); Mayfield v. Mayfield, 929 So.2d 671 (Fla. 5th DCA 2006). Nor should Appellant assume that he will get another “opportunity” to supplement the record pursuant to rule 9.200(f)(2). Courts often conclude that the “opportunity” to supplement the record afforded by rule 9.200(f)(2) is waived or deemed satisfied when a litigant fails to promptly seek to supplement the record after notice is given of a perceived deficiency. See, e.g., Moment v. State, 773 So.2d 577 (Fla. 4th DCA 2000) (stating appellant waived right to supplement record by failing to seek to supplement after deficiency pointed out in answer brief); Cirillo v. Davis, 732 So.2d 387 (Fla. 4th DCA 1999) (same); Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980) (holding where appellant had moved to reconstruct record in lower court, but failed to do so, and inadequacy of record was raised in answer brief, appellant waived opportunity to supplement record under rule 9.200(f)(2)); see also Estrada v. Unemp’t Appeals Com’n, 693 So.2d 1091 (Fla. 5th DCA 1997) (finding that litigant waived right to supplement under rule 9.200(f)(2) when told transcript was available at no cost upon request, but failed to make request).
MOTION DENIED.
PALMER and COHEN, JJ., concur.

. Rule 9.200(f)(2) provides: "If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.”