BILBREY, J.
Appellants seek reversal of the final judgment of foreclosure on grounds that the judgment is not supported by sufficient *507 competent substantial evidence that Wells Fargo Bank, as Trustee, etc., had standing at the time the original complaint was filed. Based on the partial transcript of the final hearing, and the other contents of the record on appeal, we are unable to rule out the possibility that the trial court heard competent substantial evidence to support Wells Fargo’s standing, and thus support its final judgment of foreclosure in favor of Wells Fargo. Accordingly, the judgment is affirmed.
We review the sufficiency of the evidence to prove standing to bring a foreclosure action de novo. Pennington v. Ocwen Loan Servicing, LLC, 151 So.3d 52, 53 (Fla. 1st DCA 2014); Lacombe v. Deutsche Bank Nat’l Trust Co., 149 So.3d 152, 153 (Fla. 1st DCA 2014).
The record on appeal includes the original complaint for foreclosure, filed by Wells Fargo on July 26, 2010. Although the original note was not attached to the complaint, Wells Fargo specifically alleged that it “owns and holds the Note and the Mortgage.” A copy of the note, dated February 23, 2007, was attached to the complaint, specified the principal amount of the debt, and listed New Century Mortgage Corp. as the lender and Appellants as the borrowers.
After the initial complaint was dismissed with leave to amend, the amended complaint was filed September 28, 2011. Wells Fargo again alleged its ownership and possession of the note and mortgage, and again attached copies of the note, mortgage, and an assignment of mortgage. In addition, Wells Fargo attached an undated blank indorsement of the note from New Century Mortgage Corp. See § 673.2051(2), Fla. Stat. In the Answer and Affirmative Defenses to the amended complaint, Appellants denied Wells Fargo’s allegations of ownership and possession of the note and mortgage, and raised affirmative defenses, including the defense that when the action was filed, Wells Fargo lacked standing to foreclose. Accordingly, the issue of Wells Fargo’s standing on the date the original complaint was filed was a contested issue at trial.
The non-jury trial was conducted on March 26, 2014. The transcript provided by Appellant to this Court included the defense’s argument for directed verdict, the court’s denial thereof, and the Appellants’ presentation of testimony and evidence in defense. . Apparently there was no reporting, of Wells Fargo’s case because the court announced that the transcript began with the defense’s case. Thus, the record does not contain a transcript of the evidence given by Wells Fargo’s only witness, Mr. James Burphy. Appellants did not supply a stipulated statement of the evidence or proceedings from the best available means, as allowed by rule 9.200(b)(4), Florida Rules of Appellate Procedure, when a transcript is incomplete.
It is well-settled that “the burden is on the appellant to make reversible error appear.” Pan Am. Metal Prod. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). Even under a de novo standard of review, the trial court’s final judgment “has the presumption of correctness and the burden is on the appellant to demonstrate error.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1151 (Fla.1979). “The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant.” Fla. RApp. P. 9.200(e). Accordingly, our review is limited to the record on appeal as provided by Appellants. See Ham v. Nationstar Mortg., LLC, 164 So.3d 714 (Fla. 1st DCA 2015) (lack of transcript of bench trial limited appellate review to approved statement of evidence and proceedings and exhibits admitted into evidence); Applegate, 377 So.2d at 1151 *508 (scope of review limited to face of judgment in absence of any transcript or “proper substitute;” record submitted by appellant was inadequate to demonstrate reversible error).
Appellants assert that Wells Fargo failed to offer sufficient evidence to prove it had standing on the date the initial complaint was filed. It is true that, where standing is contested, an indorsement of a note in blank from the original lender is insufficient in and of itself to prove the plaintiffs standing on the date the complaint was filed. See McLean v. J.P. Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170 (Fla. 4th DCA 2012) (if standing is derived from indorsement of note, plaintiff must show indorsement occurred prior to filing of complaint). However, “it is possible for a witness to provide sufficient testimony to prove standing where the documentary evidence is insufficient.” Ham, 164 So.3d at 718.
Without a transcript of the plaintiffs case, we must presume that the trial court’s judgment was based “on evidence adduced at the hearing.” J.P. Morgan Chase Bank v. Combee, 883 So.2d 330, 332 (Fla. 1st DCA 2004). “Without an adequate record of the proceedings below, this court cannot reasonably conclude that the trial court so misconceived the law as to require reversal.” Estes v. Sassano, 47 So.3d 383, 385 (Fla. 1st DCA 2010). Likewise, without a transcript of Wells Fargo’s portion of the case, we “cannot properly resolve factual issues to conclude the trial court’s judgment is not supported by evidence.” Combee, 883 So.2d at 331.
Although rule 9.200(f)(2), Florida Rules of Appellate Procedure affords an appellant “the opportunity to supplement the record,” the rule does not require this Court to direct such supplementation in this case. As stated in Fay v. Craig, 99 So.3d 981, 982 (Fla. 5th DCA 2012), “appellants proceed at their peril when they furnish a partial transcript.” Further, the comment to rule 9.200(f)(2) specifies that the rule “is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal.” Fla. R. App. P. 9.200 committee notes (1977). The partial nature of the transcript here was noted in both parties’ briefs, and so was not a mere oversight unknown to Appellants.
Because it cannot be presumed that the final judgment was unsupported by competent substantial evidence of Wells Fargo’s standing presented at the final hearing, the judgment is AFFIRMED.
WETHERELL and SWANSON, JJ., concur.