IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CRYSTAL SUE NICOLE
LOWERY, MOTHER,

      Appellant,

v.

NICHOLAS J. CARNEY,
FATHER,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3357

Opinion filed June 3, 2016.

An appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

Clark H. Henderson of Campbell & Henderson, PLLC, Shalimar, for Appellant.

Anna F. Foster of Pennington, P.A., Tallahassee, for Appellee.

PER CURIAM.

      Appellant, the mother, seeks review of the May 5, 2015, order transferring custody of the parties' minor child to Appellee, the father, as well as the order denying her motion to set aside the May 5 order pursuant to Florida Family Law

Rule of Procedure 12.540. Among other things, the mother argues that her due process rights were violated because she was not given notice of the hearing that resulted in the May 5 order. We affirm that issue for the reasons that follow, and we affirm the other issues raised by the mother without discussion.

The May 5 order resulted from an April 20, 2015, hearing at which the then pro se mother failed to appear.[1] The order found that the mother was given proper notice of the hearing based in part on the fact that the notice was served by mail on the mother at "144 Pinecone Court, Pembroke, NC . . . which was an address Mother provided at the January 16, 2015 hearing" (emphasis added). The trial court's finding that the mother provided this address was supported by the transcript of the April 20 hearing, which reflects that the father's attorney represented to the court that:

> in anticipation for this hearing, I served the last known address in North Carolina, 147 Pine Cone Court.[2] And

[1] The mother was represented by an attorney from June 2014 to some point in December 2014 or early January 2015, and although the record does not contain an order authorizing the mother's attorney to withdraw, the mother has not argued – below or on appeal – that notice of the April 20 hearing should have been served on the attorney.

[2] This was the address provided for service of court papers on the mother in the Notice of Limited Appearance filed by the mother's attorney on January 7, 2015, which stated that the attorney was representing the mother solely on the issue of attorney's fees. Interestingly, although the record contains several orders predating this Notice that were sent to the 147 Pinecone Court address and were returned as undeliverable, the May 5 order reflects (in the "copies to" section) that it was sent to that address and there is no indication in the record that it was returned as undeliverable.

> during [the January 16] hearing she actually gave us another address, I believe it was **144** Pine Cone Court, which was a new address. I attempted service on both of those. Both of those came back returned, recipient not there.

(emphasis added).

As she did below, the mother argues on appeal that she was not properly served with notice of the April 20 hearing because the address she gave the court at the January 16 hearing was 149 Pinecone Court, not 144 Pinecone Court. In support of this argument, the mother relies solely on the "copies to" portion of the order resulting from the January 16 hearing, which reflects that the order was sent to the mother at 149 Pinecone Court. The father responds that the record supports the trial court's finding that the mother's failure to appear at the April 20 hearing was not the result of inadequate notice.

Our resolution of the due process argument raised by the mother boils down to whether, as a matter of fact, the 144 Pinecone Court address was the address provided by the mother at the January 16 hearing.[3] The trial court found that it

_____

[3] Although the father also attempted to serve notice of the April 20 hearing on the mother by mail and process server at her last known Florida address, that would not have provided the mother adequate notice of the hearing because the father testified at the April 20 hearing that it was his understanding that the mother was living in North Carolina and the record contained the 147 Pinecone Court address in North Carolina that mother's attorney provided for service of court papers on the mother. Additionally, the fact that the father mailed notice of the April 20 hearing to the mother's North Carolina address provided by her attorney was not necessarily adequate notice of the hearing under the circumstances of this case

3

was, and that finding comes to this court with a presumption of correctness. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."). Although the "copies to" portion of the order resulting from the January 16 hearing arguably supports the inference that the address provided by the mother at that hearing was 149 (not 144) Pinecone Court, without a transcript of that hearing,[4] we cannot know for sure. It was the mother's burden to demonstrate reversible error in the trial court's finding that the address she provided at the January 16 hearing was 144 (not 149) Pinecone Court, and without a transcript of that hearing, the mother is unable to meet that burden. Id. ("The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."); see also J P Morgan Chase Bank v. Combee, 883 So. 2d 330, 331 (Fla. 1st DCA 2004) ("The burden is on the appellant to demonstrate reversible error and present an adequate record for review.").

---

because it is undisputed that the mother provided a different address at the January 16 hearing (either 144 or 149 Pinecone Court), and the record contained court orders sent to the 147 Pinecone Court address that were returned as undeliverable.

[4] We directed the mother to supplement the record with a transcript of the January 16 hearing, but she filed a response stating that the hearing was not transcribed. See Fla. R. App. P. 9.200(f)(2) ("If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.").

Accordingly, because the mother has not presented an adequate record to demonstrate reversible error in the May 5 order, we affirm that order as well as the order denying the mother's motion to set aside the May 5 order.

AFFIRMED.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.