Bilbrey, J.
Appellants challenge the circuit court's order quashing their subpoena duces tecum for deposition[1] and granting Appellee's motion for a protective order. See Fla. R. Civ. P. 1.280(c). Finding no abuse of the circuit court's broad discretion to regulate discovery, particularly the court's finding that enforcement of the subpoena would subject Appellee to an undue burden and harassment, we affirm. See Waite v. Wellington Boats, Inc. , 459 So.2d 425, 426 (Fla. 1st DCA 1984) ("Trial courts must be accorded broad discretion in the treatment of discovery problems through the employment of the protective provisions contemplated by rule 1.280."); Mathews v. Kant , 427 So.2d 369, 370 (Fla. 2d DCA 1983) (requiring "some facts before the court tending to show the unreasonableness and oppressiveness" to support the quashing of a subpoena).
Appellants challenge the sufficiency of the evidence to support the circuit court's conclusion that the subpoena subjected the non-party witness to "an undue burden and harassment." However, the circuit court's factual findings of Appellee's dates of employment by a non-party company, her capacity to indorse the promissory note at issue in the foreign state litigation, and the timing of the service of the subpoena so late in the long-pending foreign lawsuit are supported by the appellate record including Appellee's affidavit and other documents. And while the circuit court held a hearing on the motion to quash and for protective order, Appellants did not provide a transcript of this hearing for the record. Accordingly, we must presume that any deficiency in the documentary evidence *495 to support the circuit court's decision was cured "based 'on evidence adduced at the hearing.' " Snowden v. Wells Fargo Bank , 172 So.3d 506, 508 (Fla. 1st DCA 2015) (quoting J. P. Morgan Chase Bank v. Combee , 883 So.2d 330, 333 (Fla. 1st DCA 2004) ); see also Banks v. Banks , 168 So.3d 273 (Fla. 2d DCA 2015).
Although reasonable fact-finders could differ on the weight and credibility to assign Appellee's affidavit and the other record documentation for the determination of whether a protective order was warranted under rule 1.280, such possibility does not render the trial court's order an abuse of discretion. See Canakaris v. Canakaris , 382 So.2d 1197, 1203 (Fla. 1980) ("If reasonable [people] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.").
AFFIRMED .
Lewis and Osterhaus, JJ., concur.

The action in the Florida circuit court was filed by the Appellants, who are the defendants in a civil case pending in Connecticut, for the purpose of deposing the non-party witness who resides in Florida. See § 92.251(2), Fla. Stat. Florida law governs the enforcement of, and the witness' objections to, the deposition proceedings. See Greenlight Fin. Servs., Inc. v. Union Am. Mortg., Inc. , 971 So.2d 983 (Fla. 3d DCA 2008).