# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-1482

———————————————

THE BANK OF NEW YORK
MELLON, f/k/a The Bank of New
York as Trustee for the Holders
of the Certificates, First Horizon
Mortgage Pass-Through
Certificate Series FHAMS 2005-
AA90, by First Horizon Home
Loans, a Division of Tennessee
Bank National Association,
Master Servicer, in its Capacity
as Agent for the Trustee Under
the Pooling and Servicing
Agreement,

     Appellant,

     v.

ONE SEAGROVE PLACE OWNERS
ASSOCIATION, INC., RICHARD W.
SNEED, INWOOD INVESTMENTS,
LLC, STEPHEN G. KYNIO, AND
STEPHEN J. KYNIO,

     Appellees.

———————————————

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

July 22, 2019

PER CURIAM.

The Bank of New York Mellon appeals an order denying its motion to vacate a foreclosure judgment entered in favor of Appellee One Seagrove Place Owners Association. The Bank moved for relief from judgment under Florida Rule of Civil Procedure 1.540, alleging that the judgment was void for lack of personal jurisdiction based on improper service of process. The Bank argued that the Association's affidavit of diligent search to support service of process by publication was legally insufficient. The trial court concluded that the judgment was voidable, not void, and because the Bank's argument was raised more than one year after rendition of the final judgment, the court denied the Bank's motion as untimely.

We are constrained to affirm the trial court's order because the Bank failed to provide a transcript of the hearing on its motion. *See Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150 (Fla. 1979); *Estes v. Sassano,* 47 So. 3d 383, 385 (Fla. 1st DCA 2010) ("Without an adequate record of the proceedings below, this court cannot reasonably conclude that the trial court so misconceived the law as to require reversal."). Where a party moving under rule 1.540 sets forth a colorable claim for relief, the trial court is required to hold an evidentiary hearing. *See Saloon Sao v. Wells Fargo Bank, N.A.*, 109 So. 3d 896 (Fla. 1st DCA 2013). The Bank's motion set forth a colorable claim, and the trial court held an evidentiary hearing. But the Bank furnished no transcript of the hearing in the appendix filed in this appeal. In the absence of a transcript, we must presume that the trial court's order denying the Bank's motion "was based on additional evidence adduced at the hearing." *Snowden v. Wells Fargo Bank*, 172 So. 3d 506, 508 (Fla. 1st DCA 2015). We thus AFFIRM the order denying relief from the foreclosure judgment.

LEWIS, ROWE, and BILBREY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Nancy M. Wallace of Akerman LLP, Tallahassee; and William P. Heller and Henry H. Bolz of Akerman LLP, Fort Lauderdale, for Appellant.

John M. Stratton of Becker & Poliakoff, P.A., Fort Walton Beach, for Appellee One Seagrove Place Owners Association, Inc.; Michael J. Henry of Dunlap & Shipman, P.A., Santa Rosa Beach, for Appellee Inwood Investments, LLC.