# Third District Court of Appeal
## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2153
Lower Tribunal No. 07-18012
_____


**Christa Adkins,**
Petitioner,

vs.

**Michael Sotolongo,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Frank Ledee, Judge.

Christa Adkins, in proper person.

Conroy Simberg, and Diane H. Tutt (Hollywood), for Michelle Hintz, Psy.D.


Before FERNANDEZ, C.J., and LOGUE and BOKOR, JJ.

BOKOR, J.

Petitioner Christa Adkins seeks certiorari review of the trial court's October 1, 2021, order granting non-party Dr. Hintz's motion for a protective order precluding Adkins from deposing Dr. Hintz. The trial court conducted a hearing and concluded that the relevant "medical records have been turned over to Ms. Adkins based on the patient's signature and request for those records to be turned over… [and that based on the production of those records] there has been no prima facie case established for the need for this deposition." The trial court's October 1, 2021 order notes that, "Michelle Hintz, Psy.D. has produced her compete file . . . and, furthermore, that Respondent has not made any prima facie showing as to how Dr. Hintz's deposition is relevant to any justiciable controversy."

A trial court possesses "significant discretion" in regulating discovery under Florida Rule of Civil Procedure 1.280(c). RaceTrac Petroleum, Inc. v. Sewell, 150 So. 3d 1247, 1252 (Fla. 3d DCA 2014) (explaining a trial court's discretion in granting a motion for a protective order based on cumulative discovery under Rule 1.280(c)); see also Ferrandino v. Riley, 236 So. 3d 493, 494-95 (Fla. 1st DCA 2018) (explaining broad discretion of trial court to regulate discovery, "particularly the court's finding that enforcement of the subpoena would subject [a non-party witness] to an undue burden and

harassment," and noting that if reasonable people could differ as to the propriety of an action taken, no abuse of discretion exists).

But even before we get to whether the trial court's order constitutes "a departure from the essential requirements of the law," considering the trial court's significant discretion, we first determine whether Adkins shows irreparable harm resulting from the challenged order. See Damsky v. Univ. of Miami, 152 So. 3d. 789, 792 (Fla. 3d DCA 2014) (explaining that a party seeking certiorari relief "must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal" [the second and third prongs together are often referred to as "irreparable harm"]). The challenged order explains why Adkins does not need the deposition requested. Considering that the medical file produced in its entirety to Adkins, the petition fails to demonstrate how the order inflicts any injury, much less a material injury, that cannot be

remedied on direct appeal.[1]  Id.  Accordingly, we dismiss the petition for

certiorari.[2]

---

[1] Adkins argues that she "will suffer irreparable harm throughout the remainder of the proceedings in that she will be prejudiced by her inability to prove her claim of bad faith by the former guardian as evidenced in the former guardian's dealings with Dr. Hintz."  As Adkins fails to connect this purported harm to justiciable issues of the case, she fails to show any irreparable harm.  At best, Adkins seeks to explore a theory or area that the trial court does not see as related to the claims or issues in the case.  But there's no showing of irreparable harm where such an argument could be presented on direct appeal.

[2] Adkins moves "to determine confidentiality of appellate court records" noting that she included "confidential psychological records of a [then] minor child."  Upon consideration, the appendix is stricken and the motion to determine confidentiality is denied as moot.  An appendix should contain only "those portions of the record deemed necessary to an understanding of the issues presented" in this petition seeking review of an order granting a protective order.  Fla. R. App. P. 9.220(a).  It is not an opportunity to litigate or relitigate other issues.  Petitioner provides no basis as to why such confidential documents are necessary for the resolution of this issue.  Specifically, Adkins presents no sound basis for including in the appendix anything more than the motion for protective order, response, order, transcript, and any motion practice directed to rehearing or reconsideration and any order thereon.  Instead, the appendix is an out-of-order mix of confidential medical records, appeals on other issues, and pleadings and papers going back for years, most of which having no bearing on the propriety of the order for which Adkins seeks review.  Should Adkins wish, she may file a compliant appendix without confidential medical records during the time provided for rehearing.

4