# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1501
Lower Tribunal No. 19-13774
_____

**Malvin Garnett,**
Appellant,

vs.

**Priscille Duvalsaint,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Malvin Garnett, in proper person.

No appearance, for appellee.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

LOBREE, J.

Malvin Garnett ("Father") appeals the trial court's order denying his

motion to vacate the recommended order of a general magistrate ordering that he pay retroactive child support and ongoing child support of $366.64 per month to Priscille Duvalsaint ("Mother"). The Father, proceeding pro se below and on appeal, challenges the trial court's referral of all issues of child support to the general magistrate, the magistrate's calculations of the parties' net incomes, and imputation of income to him. Because we cannot conclude on this record that the trial court abused its discretion, we affirm.

"A trial court's award of child support is reviewed for abuse of discretion." Sadeh v. Calenzani, 389 So .3d 640 (Fla. 3d DCA 2023) (citing Apesteguy v. Keglevich, 319 So. 3d 150, 154 (Fla. 3d DCA 2021)). Additionally, the standard of review we apply to "appropriately review a trial court's order imputing income to a spouse is whether competent, substantial evidence supports the findings." Freilich v. Freilich, 897 So. 2d 537, 543 (Fla. 5th DCA 2005). "[A] [general magistrate]'s findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [general magistrate] has misconceived the legal effect of the evidence presented." Bank of New York Mellon v. Bontoux, 347 So. 3d 105, 108 (Fla. 3d DCA 2022) (quoting Khata v. Belova, 274 So. 3d 1208, 1209 (Fla. 3d DCA 2019)).

2

The trial court denied the Father's motion, finding he merely sought to relitigate the issues and evidence presented to the general magistrate and that the general magistrate's order was supported by competent, substantial evidence. Unfortunately, we are unable to properly review the factual or legal basis for the trial court's decision because the Father has not furnished this court with an adequate record. The Father has only given this court excerpts of the hearing before the general magistrate and there is no transcript at all from the hearing on the Father's motion to vacate. "When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).

Accordingly, we are constrained to affirm the trial court's order because the record brought forward by the Father is inadequate to demonstrate reversible error. See Estes v. Sassano, 47 So. 3d 383, 385 (Fla. 1st DCA 2010) ("Without an adequate record of the proceedings below, this court cannot reasonably conclude that the trial court so misconceived the law as to require reversal."); Taylor v. Bateman, 927 So. 2d 1024, 1026 (Fla. 4th

3

DCA 2006) ("The piecemeal transcripts deprived this court of the ability to review the record as a whole. Such record omissions are fatal to an appeal.");

Fay v. Craig, 99 So. 3d 981, 982 (Fla. 5th DCA 2012) ("To a large extent appellants proceed at their peril when they furnish a partial transcript.").

Affirmed.