# Third District Court of Appeal

## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1372
Lower Tribunal No. 23-24567-SP-25
_____

**Next Medical Florida, LLC, etc.,**
Appellant,

vs.

**Peak Property and Casualty Insurance Corporation,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Daly & Barber, P.A., John C. Daly, and Matthew C. Barber (Plantation), for appellant.

Rivkin Radler, LLP, Edward K. Cottrell and Drew Krieger (Jacksonville), for appellee.

Before FERNANDEZ, LINDSEY and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Certain Underwriting Members of Lloyd's v. Prime Holdings Ins. Servs., Inc.</u>, 306 So. 3d 1086, 1091 (Fla. 3d DCA 2020) (stating that a trial court's order granting a motion to transfer based on forum non conveniens grounds is reviewed under an abuse of discretion standard); <u>Beacon Hill Homeowners Ass'n, Inc. v. Colfin Ah-Fla. 7, LLC</u>, 221 So. 3d 710, 712 (Fla. 3d DCA 2017) (providing that an appellate court reviews the denial of a motion for rehearing under an abuse of discretion standard); <u>Migliori v. Migliori</u>, 983 So. 2d 670, 671 (Fla. 5th DCA 2008) (explaining that when a motion to transfer is appealed without a transcript, there is "no basis to reverse the decision of the trial judge"); <u>Gaspard v. Innocent</u>, 389 So. 3d 638, 639 (Fla. 3d DCA 2023) ("[I]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error[.]" (quoting <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979))).