732 So.2d 387 (1999)
Dawn CIRILLO and Dimitri Cirillo, Appellants,
v.
Janice DAVIS and Irion Davis, Appellees.
No. 98-0647.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
Order Denying Rehearing June 2, 1999.
Ronald M. Zakarin and Jennifer N. Lucy of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton, for appellants.
Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellees.
KLEIN, J.
Plaintiffs appeal a low damage award in an accident case, arguing that the trial court erred in admitting a surveillance videotape into evidence without the tape having been authenticated by the photographer. We agree that the court erred in admitting the tape into evidence, but conclude that the plaintiffs have failed to demonstrate that it was prejudicial.
Defendants retained a private investigator who had an employee follow plaintiff Dawn Cirillo, who had been injured in an automobile accident, for sixteen hours over a two-day period. The case went to trial in September 1997, and in June, defendants filed a pretrial statement showing surveillance videotapes as an exhibit and identifying a witness as "agent, servant, or employee of Frank T. Funke, III." Funke was the investigator whose employee made the tape. Plaintiffs' counsel, who received a copy of the video about twelve days before trial, did not depose Funke or his employee.
When defendants offered the video into evidence at trial through the testimony of Funke, plaintiffs objected on the ground that the video had to be authenticated by the person who actually made it. Funke could only testify that he directed his employee to make the tape over a two-day period, that immediately thereafter the employee furnished him with tapes, and that the employee edited the tapes down to twenty to twenty-five minutes to be shown at trial. Defendants suggested that they could call the plaintiff as a witness as part of the defendants' case and ask her if she was the person shown in the tape. Plaintiffs' *388 objection, however, was not that she was not depicted, but rather that they were unable to cross-examine the person making the tape about what had been left out. The court admitted it.
Section 90.901, Florida Statutes (1997), requires evidence to be authenticated. Section 90.902 lists a number of items which can be self-authenticated, i.e., admitted without extrinsic evidence of authenticity. Most of the things which are self-authenticating are items such as official documents, books or other printed materials. Neither photographs nor videotapes are included as self-authenticating in section 90.902.
In Wagner v. State, 707 So.2d 827 (Fla. 1st DCA), rev. denied, 717 So.2d 542 (Fla. 1998) a sheriff's deputy enlisted the aid of a confidential informant to make drug purchases and equipped the informant's car with a hidden video camera. The officer followed the informant, but from his place of observation he could not observe the drug transaction. The videotape showed the defendant selling drugs to the informant; however, the informant was not available to testify at trial. The officer gave a detailed explanation as to the installation and operation of the camera, and testified that the tape had not been altered in any way. Another witness identified the defendant as the person shown on the videotape. Defendant argued that this was insufficient to authenticate the tape and that it was necessary for a witness to testify that the tape fairly and accurately portrayed the incident.
Relying on cases from other jurisdictions, as well as treatises on evidence, the first district concluded that the videotape was admissible. The court applied the "silent witness" theory, explained in John Henry Wigmore, 3 Evidence in Trials at Common Law § 790, at 219-20 (Chadbourn rev.1970) as follows:
With later advancements in the art of photography, however, and with increasing awareness of the manifold evidentiary uses of the products of the art, it has become clear that an additional theory of admissibility of photographs is entitled to recognition. Thus, even though no human is capable of swearing that he personally perceived what a photograph purports to portray (so that it is not possible to satisfy the requirements of the "pictorial testimony" rationale) there may nevertheless be good warrant for receiving the photograph in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph should then be received as a so-called silent witness or as a witness which "speaks for itself."
The Wagner court went on to conclude:
The testimony in the instant case concerning the installation and operation of the video camera, the identification of Wagner on the videotape, a clear indication of the time and date on which the tape was made, together with the absence of any evidence concerning tampering or editing, provide the indicia of reliability required to authenticate a videotape for purposes of the "silent witness" theory.
Wagner, 707 So.2d at 830.
Wagner is the closest Florida case we can find on the question of whether the surveillance tape in the present case could be introduced into evidence through Funke or the plaintiff, but we find it distinguishable. In Wagner the police officer installed the video camera in the informant's car, explained how the camera operated, and confirmed that the tape had not been edited or tampered with. The officer in Wagner was more analogous to the man who actually operated the camera in the present case, than to Funke, who had no knowledge of the video taping.
We cannot agree with the defendants that this surveillance videotape can be self-authenticating. This videotape does not have the same "indicia of reliability" which the court found in Wagner. Id. at 830. Surveillance videos are prepared solely to impeach a party or witness in a lawsuit. *389 People who make their living by doing surveillance have an incentive to find something favorable to the party employing them. Video cameras can be selectively turned off and on. Tapes can be edited or altered, and advancing technology will make alterations harder to detect. We agree with the plaintiffs that the person operating the video camera ought to be exposed to cross-examination under oath. The tape was not, therefore, admissible.
Defendants argue in their brief that we should nevertheless affirm because the plaintiffs have not carried their burden of demonstrating that the error was prejudicial. They point out that the plaintiffs have not included any portion of the transcript of this trial in the record on appeal except for twenty-two pages dealing with the admission of the videotape. Nor have they included the videotape itself. Apparently, the plaintiffs made no attempt to show that the video was inaccurate or contained things which were out of context.
We agree with the defendants that, under the circumstances, the record in this case is inadequate to demonstrate that the error was harmful. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Alderman v. Tyndall Fed. Credit Union, 656 So.2d 583, 584 (Fla. 1st DCA 1995)(by failing to provide transcript, appellants failed to demonstrate reversible error).
We have not overlooked Florida Rule of Appellate Procedure 9.200(f)(2) which provides:
If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.
In the present case, appellants elected to proceed with no transcript except a small excerpt. Where, as here, the appellees point out the deficiency in the record in their brief and appellants do not move to supplement the record, this court takes the position that compliance with rule 9.200(f)(2) has been waived. Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980).
We have considered the other issues raised and find them to be without merit. Affirmed.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.

ON MOTION FOR REHEARING
KLEIN, J.
Appellants point out in their motion for rehearing that although they initially did not include the videotape in the record, they supplemented the record with that tape after they received the appellees' brief pointing out the deficiency. The tape shows a clearly visible and identifiable woman engaging in everyday activities such as walking, carrying a baby, bending over to pick things up, and getting in and out of a car. It does not change our opinion that the appellants have failed to show prejudicial error. We therefore deny the motion for rehearing.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.