ROTHENBERG, J.
H.A., a juvenile, appeals a petit theft conviction and sentence of six months probation based on the admission of photographs downloaded from a surveillance video from the night of the theft. Because we conclude that the photographs were properly admitted as duplicates pursuant to sections 90.953 and 90.954, Florida Statutes (2008), we affirm.
H.A. was charged with stealing cases of beer from a CVS store. A store employee testified that he saw H.A. and another individual take some Heineken and Corona beer before running out the door to a blue Nissan. The employee wrote down the license plate number and gave it to Miami-Dade Police, who traced it to H.A. The employee also identified photographs downloaded from the surveillance video from the night of the theft, and he testified that he originally saw the pictures on a video screen and that the store number, date and time were not printed on the photos. Despite the defense’s best evidence objection, the photos were introduced into evidence and the employee identified H.A. in the photos. The trial court entered an adjudicatory finding that H.A. committed the petit theft. This appeal followed.
H.A. contends that sections 90.952 to 90.954 required the State to produce the original videotape or demonstrate that the original was unavailable before the photographs could be properly admitted. We disagree. Section 90.953 provides that duplicates are admissible “to the same extent as an original” unless a genuine question is raised about the authenticity of the original or it would be unfair under the circumstances to admit the duplicates. Section 90.951(4)(a) defines a duplicate as: “A counterpart produced by the same impression as the original, from the same matrix; by means of photography, including enlargements and miniatures ....” (emphasis added). The still photographs produced from the surveillance video fall within the statutory definition and were properly admitted as duplicates. H.A. did not raise any genuine question as to the authenticity of the original video. He also failed to demonstrate how the trial court’s decision to admit the photographs in lieu of the video was unfair under the circumstances. Accordingly, we find no abuse of discretion in the trial court’s admission of the photographs. United States v. Smith, *754 27 Fed. Appx. 577, 582-83 (6th Cir.2001) (rejecting appellants’ contention that “still[ ] [photographs] were not the ‘best evidence’ of the images captured on the videotape” and holding that “still photographs made from surveillance videotapes are admissible”).
H.A. cites as support Russell v. State, 844 So.2d 725 (Fla. 5th DCA 2003) and McKeehan v. State, 838 So.2d 1257 (Fla. 5th DCA 2003), but in these cases, the contents of videotapes were introduced through testimony alone. Unlike photographs downloaded from the surveillance video in the instant action, oral testimony is not a “duplicate” of the original and these cases do not apply.
Affirmed.