PER CURIAM.
 

 Sky Development, Inc., appeals a final judgment following the dismissal with prejudice of its complaint and award of attorney’s fees to defendant. The dismissal should be an object lesson for any corporate officer thinking of using old or new methods of witness tampering during deposition or trial. Finding that there is no abuse of discretion in the dismissal, we affirm.
 

 During the deposition of Sky’s manager, Sky’s Chief Financial Officer passed the deponent a note that read, “Don’t worry about pleasing him. Just say no.” The note was brought to the attention of the magistrate presiding over the deposition; she forbad any further notes.
 

 At trial, Sky’s CFO was being questioned about whether Sky received a key document. During a sidebar, while the CFO was still on the stand, Sky’s sole shareholder sent the CFO the following two text messages regarding receipt of the document.
 

 • 10:22:30 a.m.: “We maybe got this document after September 7th when the bank discovered the problem.”
 

 • 10:23:45 a.m.: “We never filed a lawsuit against seller. These people developed the site 40 years ago, in 40 years, and know every corner.”
 

 Upon discovering the text messages, the trial court declared a mistrial and invited defendants to move for dismissal; they did
 
 *920
 
 so. On this basis, the court dismissed the complaint with prejudice, entered a final judgment against the plaintiff, and awarded the defendants attorney’s fees.
 

 On this record, we cannot conclude that the dismissal, and entry of final judgment thereafter, was an abuse of discretion. The plaintiffs misconduct was certainly a “blatant showing of fraud, pretense, collusion or other similar wrongdoing.”
 
 Laurore v. Miami Auto. Retail, Inc.,
 
 16 So.3d 862, 864 (Fla. 3d DCA 2009).
 

 The requisite fraud on the court occurs where “it can be demonstrated, clearly and convincingly, that a party has sen-tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.”
 

 Cox v. Burke,
 
 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting
 
 Aoude v. Mobil Oil Corp.,
 
 892 F.2d 1115, 1118 (1st. Cir. 1989)). There was ample evidence for the trial court to conclude that just such an unconscionable scheme was underway here. This is not a case where the dismissal was unreasonably harsh.
 
 Compare Ibarra v. Izaguirre,
 
 985 So.2d 1117 (Fla. 3d DCA 2008) (finding abuse of discretion in dismissing complaint where no clear and convincing evidence of fraud was presented). We cannot conclude the court abused its discretion.
 
 [1]
 

 Affirmed.
 

 [1]
 

 . "Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980) (citing
 
 Delno v. Mkt. St. Ry. Co.,
 
 124 F.2d 965, 967 (9th Cir. 1942)).