DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGES RICHARDSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1808

[September 27, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 13-009911 CF10A.

Kevin S. McGill of GMV Law Group, LLP, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Georges Richardson, timely appeals his judgment and sentence after a jury found him guilty of a lesser included offense, robbery. On appeal, Richardson argues that the trial court erred in admitting a video tape into evidence. We disagree and affirm.

*Background*

Richardson was arrested and charged with the armed robbery of a cell phone store. The robbery occurred on July 15, 2013. Prior to trial, Richardson filed a motion *in limine*, arguing that the trial court should exclude a video tape from a nearby doughnut shop showing Richardson at the doughnut shop just prior to the robbery. Richardson argued that the State would not be able to authenticate the video. Just prior to jury selection, the trial court heard the motion and deferred ruling.

During trial, the general manager of the doughnut shop testified she recognized the store in the photographs (taken from the video), because she had worked at the shop for eight years, and she recognized the four

employees that were depicted in the photographs. She stated that there are eight video cameras in the shop, which store video for thirty days, then loop and begin recording over the older video footage. She stated that she had seen the video, and that it was a fair and accurate depiction of the shop on July 15, 2013, and that it had not been altered, edited, and nothing had been superimposed.

On cross-examination, the general manager testified that she was not the one that removed the video from the system, that it was someone from loss prevention. She stated that the shop's loss prevention employee did not let anyone else have access to the video, and did not work with anyone else. However, the general manager admitted that she did not "see with her own eyes" that the loss prevention employee did not let anyone else have access to the video. She never watched the video after receiving it from the loss prevention employee, but just gave it to the detective.

As for the video system, the general manager stated that there is a company that takes care of the equipment, and it was the same equipment running on July 15, 2013 that was originally installed when the doughnut shop opened. She did not know if the camera or equipment had ever been serviced, but stated that it always worked, because if it malfunctioned, the loss prevention employee would be notified, and then would have notified her. No one has access to the camera except for one manager, but the general manager did not know how the date and times on the video are verified by the recording device. She also stated that the recording could not be altered from the device itself.

Richardson objected to the admission of the video, and argued that the State could "not establish chain of custody with [the] witness." He also argued that the general manager could not "testify as to maintenance upkeep and installation." The State responded that, under the prongs for determining whether a video is admissible under the silent witness theory, the State met its burden. The trial court overruled Richardson's objection.

The jury found Richardson guilty of the lesser included crime of robbery, after which the trial court adjudicated him guilty and sentenced him to fifteen years in prison. Richardson gave notice of appeal.

*Appellate Analysis*

"The admissibility of photographic evidence falls within the trial court's discretion; the court's decision will not be overturned absent a showing of abuse." *Wagner v. State*, 707 So. 2d 827, 830 (Fla. 1st DCA 1998) (citations omitted).

Richardson's sole argument on appeal is that the trial court erred in admitting the video over his objection. Our supreme court has explained that,

> to be competent evidence, the films must be properly authenicated [sic] and shown to be a faithful representation of the subject, sound, movement, or other tangible or intangible thing which they purport to reproduce. When such a showing is made to the trial court, moving picture films should be admitted under the same rules as photographs.

*Gulf Life Ins. Co. v. Stossel*, 179 So. 163, 163 (Fla. 1938). Since there must be proper authentication prior to the admission of a videotape, videotapes are not self-authenticating. *See Cirillo v. Davis*, 732 So. 2d 387, 388 (Fla. 4th DCA 1999).

There are two types of authentication methods for admitting videotapes: (1) through "pictorial testimony," and (2) through the "silent witness" theory. *Wagner*, 707 So. 2d at 830. The method at issue here is the silent witness theory.

As we have explained:

> Relying on cases from other jurisdictions, as well as treatises on evidence, the first district concluded that the videotape was admissible. The court applied the "silent witness" theory, explained in John Henry Wigmore, 3 *Evidence in Trials at Common Law* § 790, at 219-20 (Chadbourn rev.1970) as follows:
>
>> With later advancements in the art of photography, however, and with increasing awareness of the manifold evidentiary uses of the products of the art, it has become clear that an additional theory of admissibility of photographs is entitled to recognition. Thus, even though no human is capable of swearing that he personally perceived what a photograph purports to portray (so that it is not possible to satisfy the requirements of the "pictorial testimony" rationale) there may nevertheless be good warrant for receiving the photograph in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph should

> then be received as a so-called silent witness or as a witness which "speaks for itself."

*Cirillo*, 732 So. 2d at 388 (quoting *Wagner*, 707 So. 2d at 830). Most importantly, the *Wagner* court held that the silent witness theory can be used

> when the trial judge determines it to be reliable, after having considered the following:
>
> (1) evidence establishing the time and date of the photographic evidence;
> (2) any evidence of editing or tampering;
> (3) the operating condition and capability of the equipment producing the photographic evidence as it relates to the accuracy and reliability of the photographic product;
> (4) the procedure employed as it relates to the preparation, testing, operation, and security of the equipment used to produce the photographic product, including the security of the product itself; and
> (5) testimony identifying the relevant participants depicted in the photographic evidence.

*Id.* Therefore, these are the factors we apply in this case.

Here, there is a date and time stamp that can be seen on the video. There was also no evidence of tampering, and to the contrary, the general manger testified that the video had not been altered, edited, or superimposed upon. She also stated that there was only one other person with access to the video, and although she did not "see with her own eyes" that the loss prevention employee did not give anyone else access to the video, to the best of her knowledge, it was only that employee that accessed the video. Importantly, the general manager also testified that the recording *could not* be altered by the recording device.

There was not much testimony regarding the condition and capability of the equipment in relation to accuracy and reliability, but the general manager did testify that she was never notified of any malfunction of the equipment. Finally, there was testimony that the video equipment was kept in a locked office, which only one manager, besides the witness, had access to enter. This establishes a level of security protecting the recording, as opposed to equipment in the open for anyone to have access.

4

Richardson cites to *Cirillo* to support his argument that the trial court erred in admitting the video. There, an employee of a private investigator taped the plaintiff, who was injured in an automobile accident. *Id.* at 387. The trial court admitted the video of the plaintiff, over the plaintiff's objection, through the private investigator, not the employee that took the video. *Id.* at 388. In determining that the trial court erred by admitting the tape, this Court explained:

> People who make their living by doing surveillance have an incentive to find something favorable to the party employing them. Video cameras can be selectively turned off and on. Tapes can be edited or altered, and advancing technology will make alterations harder to detect. We agree with the plaintiffs that the person operating the video camera ought to be exposed to cross-examination under oath. The tape was not, therefore, admissible.

*Id.* at 389.

However, the factors in *Cirillo*, which led this Court to consider it unreliable, are not present in the instant case. There, the tape was made for the purpose of trial, by someone getting paid by one of the parties. Here, it was a business a few doors down from the store that was actually robbed, so it had no incentive to fabricate. Additionally, the evidence was comprised of surveillance that was continuous, instead of being selectively turned on and off, and the evidence was not collected in anticipation of a specific trial. Finally, although there could *generally* still be issues of tampering, here, there was testimony by the general manager that the video was not and could not have been tampered with prior to being delivered to law enforcement, and there was no suggestion or inference of tampering by law enforcement. Therefore, the evidence was sufficient to negate possible alterations and to meet the authentication factors for silent witness authentication.

Thus, in reviewing these factors and the trial court's ruling, we affirm the trial court ruling admitting the video into evidence.

*Affirmed.*

TAYLOR, MAY and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**